T.C. Memo. 2004-30

UNITED STATES TAX COURT

STEPHEN MITCHELL DAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1867-03L.          Filed February 5, 2004.

Stephen Mitchell Day, pro se.

<u>William J. Gregg</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was
commenced in response to a Notice of Determination Concerning
Collection Action(s) Under Section 6320 and/or 6330[1] (notice of
determination).  The issue for decision is whether respondent

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue.

abused his discretion in determining that the proposed levy action should proceed against petitioner's unpaid Federal income taxes and related liabilities for 1995 and 1996.[2]

## Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Castleton, Virginia, at the time the petition was filed.

Petitioner filed Federal income tax returns for taxable years 1995 and 1996. On November 18, 1996, respondent made assessments against petitioner for an income tax deficiency and related penalties and interest for the 1995 taxable year. On January 5, 1998, respondent made assessments for the 1996 taxable year. Respondent then issued petitioner a notice of intent to levy dated May 21, 2001.

Petitioner filed a Form 12153, Request for a Collection Due Process Hearing, which was received by respondent on June 21, 2001. Petitioner does not dispute the underlying tax liabilities for 1995 and 1996. Rather, in his request for a hearing under section 6330, petitioner noted that the proposed levy "will result in taxpayer's income being cut by 50%."

In a letter dated January 24, 2002, Settlement Officer Craca informed petitioner that his hearing under section 6330 was

---

[2] According to respondent, petitioner's outstanding tax liabilities for 1995 and 1996 were $3,373.62 and $4,442.63, respectively, as of June 12, 2003.

scheduled for February 28, 2002, at the Appeals Office in Washington, D.C. In response to petitioner's request for collection alternatives, Settlement Officer Craca asked petitioner to submit income tax returns for taxable years 1997 through 2000 and "A completed Offer in Compromise package for consideration."

At petitioner's request, the hearing originally scheduled for February 28, 2002, was continued so as to provide petitioner an opportunity to prepare and file the requested documents. In March 2002, petitioner filed the requested income tax returns, but he did not file an offer in compromise.

In a letter dated June 12, 2002, respondent informed petitioner that his case was being transferred to the Appeals Office in Houston, Texas (Houston Appeals Office), and that a new Appeals officer would be assigned his case. The Houston Appeals Office, in a letter dated July 17, 2002, requested that petitioner file an income tax return for the 2001 taxable year and a form concomitant to an offer in compromise. A hearing under section 6330 was scheduled for August 14, 2002, with said hearing to be conducted via telephone.

Petitioner did not submit to the Houston Appeals Office either an offer in compromise or the requested tax return for 2001. He instead objected to having his case transferred, because he wanted a face to face hearing under section 6330.

In a letter dated October 28, 2002, Settlement Officer Craca informed petitioner that his case had been transferred back to the Appeals Office in Washington, D.C., for resolution. She informed him that a hearing under section 6330 was scheduled for November 21, 2002, and again requested that petitioner submit both "A completed Offer in Compromise package (Forms 656, 433A and 433B)" and a 2001 tax return.

Petitioner, through a representative, requested in a letter dated November 18, 2002, a continuance of the hearing scheduled for November 21, 2002. Petitioner indicated that his tax return preparer was "in California on vacation until after the Thanksgiving holidays," and that said preparer had all the documentation necessary for petitioner to complete forms concomitant to an offer in compromise and the requested tax return.

In a letter dated November 19, 2002, respondent denied petitioner's request to postpone the hearing. Petitioner renewed his request on November 20, 2002, citing delay by the Government, the unavailability of petitioner's tax return preparer, and a variety of personal reasons. Respondent again denied the request.

Respondent issued petitioner a notice of determination dated December 30, 2002.

Petitioner timely filed with this Court a Petition for Lien or Levy Action Under Code Section 6330(d).  The only relevant issue raised is whether petitioner was denied an opportunity for a fair and meaningful hearing under section 6330.[3]  Petitioner contends that Settlement Officer Craca was not impartial, based upon her letter dated November 19, 2002, denying postponement of the hearing.  Petitioner further contends that Settlement Officer Craca should have postponed the hearing scheduled for November 21, 2002, to allow the attendance of petitioner's tax return preparer and to account for matters in his personal life.[4]

## Discussion

This Court has jurisdiction to review the Commissioner's administrative determination under section 6330.  Sec. 6330(d).  Where, as here, the validity of the underlying tax liability is not at issue, we review such determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 183 (2000).

------

[3]  As we indicated earlier, petitioner does not challenge the existence or amount of the underlying tax liabilities for 1995 and 1996.  Moreover, petitioner concedes that respondent satisfied the verification requirement under sec. 6330(c)(1).

[4]  Petitioner also complains of delays by respondent.  While this may be an issue of concern in other cases, any delay by respondent in the present case actually afforded petitioner ample opportunity to effect his expressed desire to submit a collection alternative.  Petitioner cannot, on the one hand, complain about not having enough time to prepare and file an offer in compromise, and, on the other hand, complain about delays by respondent that had no effect on petitioner's ability to prepare and file such offer.

Under section 6330, a taxpayer is entitled to notice and an opportunity for a hearing before certain lien and levy actions are taken by the Commissioner in the process of collecting unpaid Federal taxes. Section 6330 provides that, upon request and in the circumstances described therein, a taxpayer has a right to a "fair hearing". Sec. 6330(b). A "fair hearing" consists of the following four elements: (1) An impartial officer will conduct the hearing; (2) certain issues may be heard such as an offer-in-compromise; (3) the conducting officer will receive verification from the Secretary that the requirements of applicable law and administrative procedure have been met; and (4) a challenge to the underlying tax liability may be raised only if the taxpayer did not receive a statutory notice of deficiency or receive an opportunity to dispute such liability. Sec. 6330(b) and (c); see Lunsford v. Commissioner, 117 T.C. 183, 183-184 (2001); Vossbrinck v. Commissioner, T.C. Memo. 2002-96.

In the present case, the last two elements are not in dispute. With respect to the first element, section 6330(b)(3) provides in relevant part: "The hearing * * * shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax * * * before the first hearing under [section 6330]". Construing the language of section 6330(b)(3) and the regulation thereunder, we have held that an Appeals officer is impartial if he or she "did not participate in, and

was not involved in, any previous Appeals Office hearing" concerning the taxpayer's tax and tax periods that are the subject of the current section 6330 proceeding. Harrell v. Commissioner, T.C. Memo. 2003-271; sec. 301.6330-1(d)(2), Q&A-D4, Proced. & Admin. Regs. Based upon the record in the present case, we conclude that Settlement Officer Craca was impartial.

With respect to the second element, that certain issues be heard, in Neugebauer v. Commissioner, T.C. Memo. 2003-292, the taxpayer requested that he be allowed to satisfy his outstanding liability through an offer-in-compromise. However, he failed to submit a properly completed Form 656, Offer in Compromise, and the required financial information for the consideration of his request. Accordingly, in Neugebauer v. Commissioner, supra, we granted the Commissioner's motion for summary judgment and sustained the Commissioner's determination regarding the proposed levy as a permissible exercise of discretion.

In Vossbrinck v. Commissioner, supra, the taxpayer alleged that he was denied a "fair hearing" under section 6330 because the Commissioner declined to postpone the hearing for a second time to allow taxpayer to seek a private letter ruling. We found the taxpayer's allegation to be without merit because the Commissioner had postponed the hearing once before at taxpayer's request, and the taxpayer did not submit a request for such a ruling until 8 days before trial and not before issuance of the

notice of determination in that case.  Accordingly, we held that the taxpayer in Vossbrinck was given a full and fair opportunity to seek an alternative resolution of his tax liabilities.

The hearing under section 6330 need not be conducted face to face.  See Lunsford v. Commissioner, supra at 183; Armstrong v. Commissioner, T.C. Memo. 2002-224.  But where a taxpayer is not afforded a proper opportunity for an Appeals hearing, the Court can remand the case to the Appeals Office to hold a hearing if we "believe that it is either necessary or productive".  Lunsford v. Commissioner, supra at 189; Moore v. Commissioner, T.C. Memo. 2003-1; Bartschi v. Commissioner, T.C. Memo. 2002-268.

The facts in the present case are similar to those in Neugebauer and Vossbrinck.  Petitioner's hearing under section 6330 was twice postponed at petitioner's request.  Respondent initially invited petitioner to submit an offer in compromise as early as January 24, 2002, but respondent's invitations went unheeded.  Respondent initially requested as early as July 17, 2002, that petitioner file a Federal income tax return for 2001, but respondent's request also went unheeded.  Indeed, petitioner has had almost a full year to submit his offer in compromise before the notice of determination was issued on December 30, 2002.  There is no evidence that petitioner was prepared to file an offer in compromise, even at the time of trial.  Based upon the record, we conclude that petitioner was afforded a proper opportunity for a hearing under section 6330 and that respondent

did not abuse his discretion with respect to any of the matters in issue.

For the reasons discussed above, respondent's determination to proceed by levy with the collection of petitioner's outstanding liabilities for 1995 and 1996 should be sustained, and we so hold.  We have considered all of petitioner's arguments and contentions that are not discussed herein relating to whether respondent may proceed with collection with respect to petitioner's outstanding liabilities for 1995 and 1996, and we find those arguments and contentions to be without merit and/or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.