T.C. Summary Opinion 2004-48


UNITED STATES TAX COURT



CAROLYN D. RAMIREZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14154-02S.          Filed April 12, 2004.


Carolyn D. Ramirez, pro se.

Trent D. Usitalo, for respondent.


WOLFE, Special Trial Judge:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect when the petition was filed.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at relevant times.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  The sole issue for decision is whether respondent abused his discretion in failing

to consider petitioner's offer in compromise at a hearing as required by section 6330(b) and (c)(2)(A)(iii).

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. When she filed her petition, petitioner resided in Fresno, California.

On February 8, 2002, respondent issued to petitioner a Notice of Intent to Levy under IRC 6330 (notice) with regard to petitioner's unpaid Federal income tax liability for 1999. In response to the notice, petitioner filed a Form 12153, Request for a Collection Due Process Hearing (CDP hearing), on February 16, 2002. Petitioner stated on the Form 12153 that she wanted to explore an offer in compromise. Petitioner's case was assigned to an Appeals officer (the Appeals officer) from respondent's Appeals office in Fresno, California (the Appeals office). On June 13, 2002, the Appeals officer wrote petitioner the following letter:

> This is to advise you that I have been assigned your request for a Collection Due Process Hearing. I have scheduled your hearing for **Wednesday July 10, 2002 at 10:00 AM.** The Collection Due Process hearing may be conducted via telephone, correspondence or in a personal conference. To facilitate our discussions, I am enclosing an explanation of the Appeals process for Collection Due Process cases.

> I suggest we conduct the hearing by telephone. **Please call me at the scheduled date and time.** * * * If you would like to conduct the hearing in a different way, such as in person or by correspondence please let me know before the hearing date. If the date and time is

not convenient please notify me prior to the hearing date as to the day of the week (Monday - Thursday) and time (between 9:00 AM and 3:00 PM) in which a hearing may be held.

I have included a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.  If you wish to propose collection alternatives, please complete this financial statement and return it to me at least 10 days prior to the Hearing * * * If I do not receive the Form 433A at least 10 days prior to the Hearing I can only assume that you do not wish to propose a collection alternative. * * *

On July 10, 2002, petitioner did not call in for her scheduled CDP hearing, and, as of that date, she had not contacted the Appeals officer to reschedule the CDP hearing and had not returned a completed Form 433-A.  Following petitioner's failure to appear for her CDP hearing, the Appeals officer sent to petitioner the following letter, dated July 10, 2002:

Your Collection Due Process Hearing was scheduled for Wednesday July 10, 2002 at 10:00.  Since I didn't receive a call from you I can only assume you no longer desire a Hearing.  I have enclosed Form 12257 which is a waiver of review of a collection due process determination.  If you sign and return that form you will save us some work and speed up the closing of your case.  In the event you still desire a hearing please notify me of this on or before the close of business Monday July 22, 2002.  In the event there is no response a determination will be made based on available information and a Determination Letter will be issued.  I am usually in the office Monday - Thursday from 8:30 - 6:00.

Petitioner telephoned the Appeals officer on or about July 11, 2002.  Petitioner told the Appeals officer that she had been out of the country and still wanted a hearing.  Petitioner and the Appeals officer discussed her case, and petitioner concluded

that she still wanted to propose an offer in compromise.  The
Appeals officer asked petitioner to submit a completed
Form 433-A.

On August 5, 2002, the Appeals officer still had not
received a Form 433-A from petitioner and had not heard from her
since July 11, 2002.  On August 5, 2002, the Appeals officer
administratively closed petitioner's case for a determination
based upon the information in her file.  On August 8, 2002, the
Appeals officer received a package from petitioner containing a
completed Form 433-A and related financial documents (the offer
in compromise materials).  The Appeals officer considered the
offer in compromise materials to be late, and he did not review
the information.  On August 12, 2002, the Appeals officer issued
a Notice of Determination.  The Notice of Determination stated
that petitioner did not have an offer in compromise pending at
this time and set forth the following rationale for preceding
with the levy:

> Although a levy is intrusive, since the information
> related to the taxpayer's financial specifics were not
> provided so that we might evaluate the collection
> alternative, the proposed collection action balances
> the need for the efficient collection of the taxes with
> the legitimate concern of the taxpayer that any
> collection action be no more intrusive than necessary.

By letter dated August 13, 2002, the Appeals officer sent

petitioner the following explanation of his decision in issuing

the Notice of Determination:

> On August 5, 2002 I closed your case for issuance of
> our Determination Letter.  On August 12, 2002 that
> letter was mailed.  I will place the information you
> recently sent us in the administrative file and ask
> that someone in our Automated Collection System (ACS)
> Department take a look at it for purposes of
> considering the next collection step.
>
> You have a choice concerning our Determination Letter.
> You can file a petition with the United States Tax
> Court and ask either the government's attorney or the
> Judge to have someone look at your information or you
> can do nothing and let someone with our ACS Department
> look at it once your case is returned to them.

Upon receiving the Notice of Determination, petitioner wrote

the following letter to the Appeals officer on August 22, 2002:

> I received your notice dated August 12, 2002.  I have
> two concerns:  (1) when we spoke on July 11, 2002, I
> distinctly remember the due date being July 31, 2002.
> I remember we went back & forth on the due date but
> this was the date we decided on * * * (2) I submitted
> all the information on July 31, 2002.  I dropped it in
> the box at the main post office.  The mail handler had
> to [purchase] 11 -37¢ stamps on the envelope.  That
> envelope was returned - see attached.

Attached to petitioner's letter was a copy of a notice from the

Postal Service, which bore a postmark dated in August 2002.  The

copy submitted to the Court is difficult to read, and the date in

August is illegible.  The Postal Service notice states:

> We regret that your mail is being returned to you because
> of heightened security measures.  All domestic mail,
> weighing 16 ounces or over, that bears stamps * * *

MUST be presented to a retail clerk at a post office. Postage that is affixed to the return mail may be used for re-mailing the item.

On the notice from the Postal Service was the following handwritten message from a Postal Service employee: "You dropped a large priority envelope in the drop box - it was returned, but I cancelled the stamps for you and sent it on - to avoid further delay." The notation "8-2" is handwritten on the envelope in which petitioner mailed her materials to the Appeals officer.

Petitioner timely filed a petition with this Court under section 6330(d). After petitioner's case was set for trial, in the words of the stipulation of the parties, "As a courtesy to Petitioner, Respondent's counsel forwarded * * * [her file] to an Offer Specialist to review in an effort to determine if the case could possibly be settled by way of an offer in compromise." The settlement negotiations were unsuccessful.

The underlying tax liability is not in dispute in this case. Following a Stipulation of Settled Issues filed with the Court on June 9, 2003, the sole issue to be decided is whether the Appeals officer properly considered an offer in compromise raised by petitioner.

## Discussion

Under section 6330, a taxpayer is entitled to notice and an opportunity for a hearing before certain lien and levy actions are taken by the Commissioner in the process of collecting unpaid

Federal taxes. Upon request, a taxpayer is entitled to a "fair hearing" conducted by an impartial officer from the Office of Appeals. Sec. 6330(b)(1), (3). Such a hearing need not be conducted face-to-face; a taxpayer may receive a fair hearing by telephone or through written correspondence. Sec. 301.6330-1(d)(2) Q&A-D7, Proced. & Admin. Regs. At the hearing, the Appeals officer is required to: (1) Obtain verification from the Secretary that the requirements of applicable law and administrative procedure have been met, (2) consider certain issues raised by the taxpayer such as collection alternatives including an installment agreement or an offer in compromise, and (3) consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c).

This Court has jurisdiction to review the Commissioner's administrative determination under section 6330(d). Where, as here, the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). In doing so, under the circumstances of this case, we do not conduct an independent review of what would be an acceptable offer in compromise. Rather, we review only whether the Appeals officer's decision to

issue a Notice of Determination without reviewing petitioner's proposed offer in compromise was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

In the present case the Appeals officer actually was in possession of petitioner's offer in compromise before the Notice of Determination was mailed. Petitioner testified that she believed that she was to contact the Appeals officer by July 31, 2002, and that she mailed her offer in compromise materials to him on that date. She expected prompt delivery of the materials, but they were delayed because of security procedures in effect with respect to mail at the time in question. Nevertheless, petitioner's offer in compromise was received by the Appeals office on August 8, 2002, and the Notice of Determination was not mailed until August 12, 2002. The Appeals officer closed petitioner's case for a determination based upon petitioner's file on August 5, 2002, and he did not review petitioner's offer in compromise because it was received after he administratively closed her case. The unusual circumstance here is that the Appeals officer had petitioner's offer in compromise material on his desk before the Determination Letter was mailed. The record indicates that he could have examined her material and conducted the Appeals office hearing. Instead, he refused to examine petitioner's materials and referred her to the "Automated

Collection System".  Under these circumstances, we believe the Appeals officer's decision not to review petitioner's offer in compromise was an abuse of his discretion and denied petitioner her right to a fair hearing under section 6330.

Where a taxpayer is not afforded a proper opportunity for a hearing under section 6330, the Court can remand the case to the Appeals office to hold a hearing if we "believe that it is either necessary or productive".  Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Day v. Commissioner, T.C. Memo. 2004-30.  In the present case, petitioner claims that she has evidence that her assets are of lower value than the Commissioner previously believed and that she should not be required to pay her tax obligations in full immediately.  We believe there is a possibility that a productive result may occur from remanding petitioner's case to the Appeals office for a proper hearing and review of petitioner's offer in compromise.

To reflect the foregoing,

An appropriate order

will be issued.