T.C. Summary Opinion 2004-67

UNITED STATES TAX COURT

LAURA G. COOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17532-02S.               Filed May 17, 2004.

Laura G. Cook, pro se.

<u>Scott Thomas Welch</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Petitioner seeks a review under section

_____

[1]    Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.

6330(d) of respondent's decision to proceed with collection of petitioner's Federal income tax liabilities for 1993 and 1994.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioner's legal residence was Reserve, Louisiana, at the time the petition was filed.

Petitioner filed Federal income tax returns for the years 1993 and 1994 reporting head-of-household filing status and claiming deductions for a personal exemption for herself and five dependency exemptions for her sister and four "foster" children. The latter were children of petitioner's friend, Joann Louise Kleibert.

Upon examination of the returns, respondent disallowed the five claimed dependency exemption deductions and determined that petitioner's filing status was married filing separately instead of head-of-household. Respondent also determined that petitioner was liable for income taxes on unreported community property income. A notice of deficiency was issued to petitioner for the years 1993 and 1994 in which the following determinations were made:

| Year | Deficiency | Sec. 6662(a) Penalty |
|------|-----------|----------------------|
| 1993 | $1,447 | $289 |
| 1994 | 1,297 | 259 |

On October 26, 1995, petitioner signed Form 5564, Notice of Deficiency Waiver, consenting to the immediate assessment of the deficiencies and penalties.[2]  No petition was ever filed by petitioner in this Court or in any other court challenging her 1993 and 1994 tax liabilities.

Respondent assessed petitioner for the amounts determined in the notice of deficiency on December 4, 1995.  Thereafter, in 1997, petitioner filed amended returns claiming refunds for 1993 and 1994.  The refund claims were based on the exemptions and filing status that petitioner had claimed on her original returns that were disallowed in the notice of deficiency and assessed. She based her position on the advice of her cousin, Chester J. Victor, Sr., who claimed to have expertise in this area.[3] Respondent denied the refund requests on October 12, 1998.

On December 17, 2001, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing in connection with the assessed balance of income taxes

---

[2]    Also on Oct. 26, 1995, petitioner offered to pay the deficiencies through an installment agreement by signing a Form 9465, Installment Agreement Request.  However, because she was not current in filing her 1999 through 2001 Federal income tax returns at the time of her collection due process hearing, petitioner was not eligible for an installment agreement.

[3]    Mr. Victor later assisted petitioner by signing as her authorized representative Form 12153, Request for a Collection Due Process Hearing, signing her petitions, and testifying at trial.

and statutory additions. Petitioner received the notice. On January 13, 2002, on Form 12153, Request for a Collection Due Process Hearing, she requested a hearing with respondent's Appeals Office for the years 1993 through 1998.[4] The request asserted that the respondent's findings were incorrect. No spousal defenses or collection alternatives were alleged.

In due course, an Appeals Office hearing was held with petitioner by telephone on September 10, 2002. Respondent thereafter denied relief and issued a Notice of Determination Concerning Collection Actions Under Section 6320 and/or 6330 on October 15, 2002. The notice summarized the determination as follows: "Our determination is that the proposed levy action is appropriate." An attachment to the notice, Relevant Issues Presented by the Taxpayer, addressed petitioner's position as follows:

> The sole issue you raised was that you disagree with the IRS audit assessments.
>
> You had a previous opportunity for an Appeals conference after your administrative claims were denied. Because you had a previous opportunity for an Appeals conference concerning both liabilities, § 6330 precludes you from challenging the underlying tax liabilities in this case.

---

[4] The petition challenges only the 1993 and 1994 tax liabilities. The record does not reflect the status of the other years for which petitioner requested a hearing.

You raised no other issues and spousal defenses are not applicable.

The attachment also stated that an Appeals officer who had no prior involvement with the tax liabilities conducted the hearing and verified that all applicable legal and administrative procedures were properly followed in issuing the notice of intent to levy.

Petitioner contends that she was entitled to head-of-household filing status, the claimed dependency exemption deductions, and was not subject to the community property law because she and her husband were living separate and apart during the 2 years in question; that she provided more than 80 percent of the support of the dependents claimed on the returns; and that she occupied her own place of residence from which she provided a household for the claimed dependents.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by levy on the person's property, the Secretary is required to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179-180 (2000). Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Section 6330(c) prescribes what an affected taxpayer may assert or claim at an Appeals Office hearing. Section 6330(c)(2)(A) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. In addition, section 6330(c)(2)(B) sets out the circumstances where a taxpayer may challenge the existence or amount of the underlying tax liability. In general, this is allowable only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B); see also sec. 301.6330-1(e), Proced. & Admin. Regs. The term "underlying tax liability"

includes additions to tax and statutory interest that are the subject of the Commissioner's collection activities. Katz v. Commissioner, 115 T.C. 329, 339 (2000). If the underlying tax liability is at issue, the Court reviews that taxpayer's liability de novo. The Court reviews other administrative determinations based on whether or not there was an abuse of discretion by respondent. Sego v. Commissioner, supra at 610.

Petitioner primarily contends that respondent erred by not allowing her to challenge the merits of the underlying tax liability. She claims that she did not know what the notice of deficiency waiver was when she signed it. However, petitioner did not allege or establish that she was incompetent to sign the Form 5564, cf. Horn v. Commissioner, T.C. Memo. 2002-207, or that respondent perpetrated fraud, duress, or misrepresentation in garnering her signature, cf. Whitman v. Commissioner, T.C. Memo. 1985-537.

The Court finds that petitioner's waiver is valid and effective. The act of signing the consent to immediate assessment constituted her assent to the contents of that form even if she may have been confused by its terms, a conclusion the Court declines to reach. Kronish v. Commissioner, 90 T.C. 684 (1988). Moreover, it is clear to the Court that petitioner had ample opportunity to dispute her underlying tax liability. She admitted receiving the notice of deficiency; she did not litigate

or judicially challenge the determinations therein; she even offered to pay the tax liabilities under the installment method. Petitioner, therefore, fully understood the consent to the assessment. The Court lacks jurisdiction to consider the underlying tax liability under section 6330(d)(1). The only issue is whether respondent committed an abuse of discretion in determining that collection of petitioner's 1993 and 1994 tax liabilities should proceed. There is an abuse of discretion where respondent's action is arbitrary, capricious, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner's sole contention was that she does not owe the taxes at issue. She did not, at the hearing, offer any collection alternatives and asserted no spousal defenses. She received an appropriate hearing for purposes of section 6330(b)(1). Day v. Commissioner, T.C. Memo. 2004-30; Leineweber v. Commissioner, T.C. Memo. 2004-17; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Respondent properly verified that the requirements of applicable law and administrative procedures were met, and respondent balanced the need for efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary. On this record, the Court holds that there was no abuse of discretion in sustaining

the notice of intent to levy.  Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>An appropriate order and decision will be entered.</u>