T.C. Summary Opinion 2004-98

UNITED STATES TAX COURT

GARNETT E. THORPE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6209-03S.                    Filed July 26, 2004.

Garnett E. Thorpe, pro se.

<u>Jason W. Anderson</u>, for respondent.


WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of sections 6330(d) and 7463 of the Internal
Revenue Code in effect when the petition was filed.  Unless
otherwise indicated, all subsequent section references are to the
Internal Revenue Code in effect at relevant times.  The decision
to be entered is not reviewable by any other court, and this
opinion should not be cited as authority.

The issue for decision is whether respondent's Appeals officer abused his discretion in sustaining a proposed levy to collect petitioner's unpaid income tax liability for 1997 following a collection due process hearing (CDP hearing) under section 6330.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. When he filed his petition, petitioner resided in Rockford, Illinois.

Petitioner and his former wife, Jacynth R. Thorpe (Mrs. Thorpe), filed a joint income tax return for 1997. Following an examination of their 1997 return, petitioner and Mrs. Thorpe agreed to a tax deficiency plus additions to tax. The total liability for taxes and additions to tax for 1997 is approximately $7,000.

In March 1999, petitioner filed a chapter 7 bankruptcy petition, and he was granted a discharge in his bankruptcy case on April 25, 2001. Petitioner's Federal income tax liabilities were not discharged.

On August 6, 2001, respondent issued a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice) to petitioner and Mrs. Thorpe in connection with their income tax assessments for 1997. On August 20, 2001, petitioner

responded to the final notice by timely filing a Form 12153, Request for a Collection Due Process Hearing. In pertinent part, petitioner's Form 12153 stated: "The amount owed should be shared between both spouses. We are presently separated (legally) and have filed for a divorce with the State of Georgia where Mrs. Thorpe now resides permanently".

The Form 12153 purportedly was filed jointly by petitioner and Mrs. Thorpe, but actually petitioner filed the request for a CDP hearing without Mrs. Thorpe's knowledge and consent and printed her signature on the form. Petitioner provided Mrs. Thorpe's Social Security number and current home address on the Form 12153, and respondent's Appeals Office attempted to contact her to determine whether she wanted to join the CDP hearing. Mrs. Thorpe did not respond to respondent's notification attempt and was not a party to the CDP hearing.

The Form 12153 includes the following instruction: "If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [__] and attach Form 8857, Request for Innocent Spouse Relief, to this request." Petitioner placed a check mark in the box, but did not attached a Form 8857 to the Form 12153. On November 28, 2001, the Appeals Office sent petitioner an additional copy of a Form 8857 to complete and return if he still wanted to allocate the tax liability between himself and Mrs.

Thorpe.  Once again, petitioner did not return the Form 8857 to the Appeals Office, and at the time of trial he had not filed a Form 8857 with the Internal Revenue Service.

Petitioner's divorce from Mrs. Thorpe was finalized on March 12, 2002, by the Illinois Circuit Court in Winnebago County, Illinois.  The divorce decree ordered that the income tax debt be split evenly between petitioner and Mrs. Thorpe.  Mrs. Thorpe was awarded custody of the couple's only child, subject to petitioner's "reasonable and seasonable visitation", and petitioner was ordered to pay child support of $116 weekly.

Petitioner's case was assigned to an Appeals officer from respondent's Appeals Office in Peoria, Illinois.  On February 20, 2003, petitioner discussed his case with the Appeals officer during a telephone conference.  The record is silent as to the substance of this telephone conference, except as quoted below in an excerpt from the notice of determination.

On April 14, 2003, the Appeals officer issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), in which he sustained the proposed levy to collect petitioner's 1997 tax liability.  The notice of determination set forth the following explanation regarding the Appeals officer's consideration of petitioner's request that liability on his 1997 joint return be shared equally with his former wife:

Per form 12153, the only issue raised by the taxpayer was that the amount owed should be shared between both spouses.  At that time, 8-16-2001, the taxpayer was not yet divorced.  The taxpayer's divorce decree is dated 3-12-2002.  Per that decree, "the income tax debt shall be split equally between the parties."

As previously mentioned, the taxpayer's ex-wife, Jacynth Thorpe, did not respond to the Appeals Office's correspondence relative to her participation in the CDP proceedings.  Therefore, regular collection enforcement procedures remain in effect relative to her 1997 joint tax liability.  The IRS is authorized to satisfy the joint liability from the income and/or assets of either or both spouses, depending on where the funds can be obtained the quickest and easiest.  If Jacynth Thorpe does not comply with the court order and voluntarily pay her equal share of the balance due, the taxpayer has recourse in civil court, but not through the IRS.

On the form 12153, the taxpayer checked the box which indicated that a form 8857, Request for Innocent Spouse Relief, was attached.  That form was not attached to the form 12153 and there is no record that one was ever submitted to the IRS.  A blank form 8857 was sent to the taxpayer by Appeals on 11-28-2001 to complete and return if he wanted to request Innocent Spouse Relief.  That form was never returned either.  Therefore, the taxpayer has no formal request for Innocent Spouse relief in the system.  Consequently, that issue will not be addressed further.

The notice of determination includes the following explanation of the Appeals officer's consideration of collection alternatives proposed by petitioner:

Concerning any alternative means of collection, on 2-20-2003, the taxpayer stated that his wages were presently being garnished for student loans and that he is currently paying child support.  He also indicated that if he did not qualify for a hardship (currently not collectible) status, that he would try to make monthly payments, if the payment amount was not prohibitive.

However, the taxpayer does not currently qualify for a hardship status or even an installment agreement. Transcripts reflect that he has not filed a return for 2000 and that he earned more than the $7,200 of gross income required for having to file a return for that year. During his CDP hearing on 2-20-2003, the taxpayer also indicated that he would have both his 2000 and 2002 returns filed by the end of February and would send copies to the Appeals Office. As of 4-7-2003, a transcript of his account reflects that neither of those returns have been filed. The Appeals Office has not received copies of any returns as of that date either.

Upon receiving the notice of determination, petitioner timely filed a petition with this Court under section 6330(d). The underlying tax liability is not in dispute in this case.

## Discussion

### A. General Rules

Section 6330 entitles a taxpayer to notice and an opportunity for a hearing before certain lien and levy actions are taken by the Commissioner in the process of collecting unpaid Federal taxes. Upon request, a taxpayer is entitled to a "fair hearing" conducted by an impartial officer from the Office of Appeals. Sec. 6330(b)(1), (3). At the hearing, the Appeals officer is required to: (1) Obtain verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (2) consider any relevant issue raised by the taxpayer related to the unpaid tax or proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of

collection alternatives; and (3) consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c). A hearing may be conducted face to face, by telephone, or through written correspondence. Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

This Court has jurisdiction to review the Commissioner's administrative determination under section 6330(d). Where, as here, the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). An abuse of discretion occurs when an Appeals officer takes action that is arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

B. Separation of Joint and Several Liability

In general, spouses are jointly and severally liable for any tax liability arising from a joint return. Sec. 6013(d)(3). At a collection due process hearing, a taxpayer is entitled to raise relevant spousal defenses, including a request for relief from joint and several liability on a joint return under section 6015. Sec. 6330(c)(2)(A)(i). When a section 6015 claim is raised at a CDP hearing, the claim is governed in all respects by

the provisions of section 6015 and the regulations and procedures thereunder, and the taxpayer must submit the claim "in writing according to rules prescribed by the Commissioner or the Secretary."  Sec. 301.6330-1(e)(2), Proced. & Admin. Regs.

Section 6015 provides three types of relief from joint and several liability:  (1) Full or apportioned relief under section 6015(b) if, among other requirements, the requesting spouse "establishes that in signing the return he or she did not know, and had no reason to know" of an understatement of tax; (2) proportionate tax relief under section 6015(c) for a requesting spouse who is divorced or legally separated or has not been a member of the same household as the nonrequesting spouse for the preceding 12 months; and (3) equitable relief under section 6015(f) for a requesting spouse not eligible for relief under either section 6015(b) or (c).

On his Form 12153, petitioner stated that he was entitled to the benefits of a spousal defense of the type provided for in section 6015(c) for a spouse who is divorced, legally separated, or no longer a member of the same household as the other spouse for at least 12 months.  The requesting spouse is required to elect the application of section 6015(c) not later than 2 years after the date on which collection activities have begun with respect to the requesting spouse.  Sec. 6015(c)(1), (3)(B).  Once a valid section 6015(c) election is in effect, the spouses' joint

and several liability is separated under the allocation rules of section 6015(d). Sec. 6015(c)(1). In general, section 6015(d) provides that the requesting spouse's share of the tax liability is determined by allocating the items giving rise to the deficiency to each spouse as if the former spouses had originally filed separate returns. Sec. 6015(d)(3)(A).

The Appeals officer rejected petitioner's claim for section 6015(c) relief on the basis that petitioner did not have a "formal request for Innocent Spouse relief in the system" because he failed to file a Form 8857. In reviewing the Appeals officer's determination for an abuse of discretion under section 6330(d), we must consider whether petitioner's other written communications with respondent's Appeals Office constituted an election for relief under section 6015(c).

Section 6015(c) does not specify the manner in which a taxpayer may file an election for relief. The regulations issued under section 6015 provide as follows:

> To elect the application of § 1.6015-2 [section 6015(b) relief] or 1.6015-3 [section 6015(c) relief] * * * a requesting spouse must file Form 8857, "Request for Innocent Spouse Relief" (or other specified form); submit a written statement containing the same information required on Form 8857, which is signed under penalties of perjury; or submit information in the manner prescribed by the Treasury and IRS in forms, relevant revenue rulings, revenue procedures, or other published guidance * * *.

Sec. 1.6015-5(a), Income Tax Regs. Under the section 6015 regulations, a requesting spouse is not required to file a Form

8857 but can make a valid election by submitting an equivalent written statement. These regulations were issued as proposed regulations on January 17, 2001, and section 1.6015-5(a) remained unchanged when the regulations were issued in final form on July 17, 2002. T.D. 9003, 2002-2 C.B. 294. Section 1.6015-5, Income Tax Regs., applies to elections made on or after July 18, 2002. Sec. 1.6015-9, Income Tax Regs.[1]

The only written communication in this record that could be considered an election for separate liability under section 6015(c) is the statement on petitioner's Form 12153.[2] The Form

---

[1] In addition to issuing regulations in proposed and final form under sec. 6015, the IRS also provided guidance on the procedure for electing equitable relief for purposes of sec. 6015(f) in Rev. Proc. 2000-15, 2000-1 C.B. 447, effective on Jan. 18, 2000. Rev. Proc. 2000-15, sec. 5, 2000-1 C.B. at 449, provides:

> A requesting spouse seeking equitable relief under § 6015(f) or 66(c) must file Form 8857, Request for Innocent Spouse Relief (and Separation of Liability, and Equitable Relief), or other similar statement signed under penalties of perjury, within 2 years of the first collection activity against the requesting spouse. If a requesting spouse has already filed an application for relief under § 6015(b) or § 6015(c), the Service will consider whether equitable relief under § 6015(f) is appropriate for the portion of the liability for which relief under § 6015(b) or § 6015(c) is not available. A subsequent filing of a request for equitable relief under § 6015(f) is not necessary.

[2] As noted in the text above, petitioner stated on the Form 12153 that "The amount owed should be shared between both spouses. We are presently separated (legally) and have filed for a divorce with the State of Georgia where Mrs. Thorpe now resides permanently". The statement subsequently was supplemented by a copy of petitioner's divorce decree from Mrs. Thorpe, dated Mar.
(continued...)

12153 was signed by petitioner under penalties of perjury but was submitted while the section 6015 regulations still were in proposed form.  While proposed regulations may not be "competent authority", see <u>Houston Oil & Minerals Corp. v. Commissioner</u>, 92 T.C. 1331, 1388 (1989), affd. 922 F.2d 283 (5th Cir. 1991); <u>F.W. Woolworth Co. v. Commissioner</u>, 54 T.C. 1233, 1265-1266 (1970), here they may be useful as a guide in view of their adoption approximately a year after petitioner completed his Form 12153. Under these circumstances, we do not believe it is necessary or appropriate for us to ignore the proposed regulations.

In the absence of contrary authority defining an election for section 6015(c) purposes, under the circumstances here, we may consider petitioner's statement on the Form 12153 as a valid election if it sufficiently communicates the elements required for relief under section 6015(c).

On the Form 12153, petitioner clearly stated that he was seeking to separate joint and several liability on his 1997 joint return.  The statement informed the Appeals officer that the Thorpes were legally separated and provided Mrs. Thorpe's Social Security number and new address to allow the Appeals officer to notify Mrs. Thorpe of her right to join the CDP hearing and intervene in petitioner's section 6015(c) claim.  Petitioner did

---

[2](...continued)
12, 2002, requiring that "the income tax debt shall be split equally between the parties".

not provide information specifying how each item giving rise to the Thorpes' 1997 tax liability should be allocated for purposes of section 6015(d), but he stated that the tax liability should be evenly divided between the spouses and furnished a divorce decree to that effect.

Petitioner's statement on the Form 12153 sufficiently communicated the elements required under section 6015(c) and should be considered a valid separate liability election. The Appeals officer's refusal to consider petitioner's request for relief under section 6015(c) was based upon his absolute requirement that petitioner file a Form 8857 without regard to whether petitioner filed an equivalent written request for relief. Although petitioner plainly had requested relief from joint and several liability on his Form 12153 and provided a copy of his divorce decree requiring an even split of the tax liability, the Appeals officer declined to investigate the issue further and instead suggested that petitioner take "recourse in civil court" regardless of the cost and inconvenience of further action in State courts.

While the Appeals officer was not bound by the allocation set forth in the divorce decree, the statement on petitioner's Form 12153, supplemented by the relevant portion of the divorce decree, qualifies as a section 6015(c) election. If petitioner was not entitled to section 6015(c) relief according to the

allocation rules of section 6015(d), the Appeals officer could have considered, without the necessity for a separate section 6015(f) election, whether equitable relief under section 6015(f) was appropriate for the portion of the liability for which section 6015(c) relief was not available. Rev. Proc. 2000-15, sec. 5, 2000-1 C.B. 447, 449; see supra note 1. The nonrequesting spouse's legal liability is a factor that usually weighs in favor of the requesting spouse's claim for equitable relief. Rev. Proc. 2000-15, sec. 3.03(e), 2000-1 C.B. at 449. The Appeals officer's refusal to discuss or consider the issue of petitioner's request for relief under section 6015(c) raised in the Form 12153 or to consider relief under section 6015(f) was arbitrary, capricious and without sound basis in law.

Under the circumstances of this case, we hold that the Appeals officer abused his discretion in declining to consider petitioner's section 6015(c) claim at his CDP hearing.

C. Collection Alternatives

Petitioner proposed collection alternatives at his CDP hearing by urging that he qualified for currently not collectible status on account of hardship and suggesting, alternatively, an installment agreement. The Appeals officer determined that petitioner was not eligible for a collection alternative because petitioner had failed to file an income tax return for 2000. We have consistently upheld an Appeals officer's determination not

to consider a collection alternative when a taxpayer is not current with his income tax filings. <u>Rodriguez v. Commissioner</u>, T.C. Memo. 2003-153; <u>Ashley v. Commissioner</u>, T.C. Memo. 2002-286. At the CDP hearing, the Appeals officer granted petitioner a reasonable amount of time to become current with his income tax filings, but petitioner did not do so. The Appeals officer did not abuse his discretion in rejecting petitioner's collection alternative proposals.

D.  <u>Remand of Petitioner's Case to Appeals Office</u>

Where a taxpayer is not afforded a proper opportunity for a hearing under section 6330, the Court may remand the case to the Appeals Office to hold a hearing if we "believe that it is either necessary or productive". <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001); <u>Day v. Commissioner</u>, T.C. Memo. 2004-30.

Since we hold that petitioner filed a valid election for relief under section 6015(c), the Appeals officer was obligated to consider this spousal defense at the CDP hearing under section 6330(c)(2)(A)(i). Petitioner and Mrs. Thorpe were legally separated at the time the election was filed and divorced at the time of the CDP hearing, and we believe it is necessary and likely to be productive for us to remand this case to the Appeals Office to determine the correct allocation of the tax liability between petitioner and Mrs. Thorpe under section 6015(c) and (d).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An appropriate order
will be issued</u>.