T.C. Summary Opinion 2005-104

UNITED STATES TAX COURT

PETER AND MARGARET GIRAGOSIAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16501-03S.          Filed July 26, 2005.

Peter and Margaret Giragosian, pro se.

<u>Thomas D. Greenaway</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority. Petitioners

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the years at
issue.

seek a review under section 6330(d) of respondent's decision to proceed with collection of petitioners' Federal income tax liabilities for the 1998 and 1999 tax years.[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioners' legal residence at the time the petition was filed was Mariposa, California.

Petitioners claimed a low-income housing credit on each of their 1998 and 1999 Federal income tax returns. This credit is one element of the general business credit described in section 38(b), and the amount of the credit is calculated under section 42. The general business credit cannot exceed the excess of a taxpayer's net income tax over the tentative minimum tax, even if the taxpayer is not liable for the alternative minimum tax. Sec. 38(c)(1). Petitioner husband (Mr. Giragosian) incorrectly calculated the credit and claimed a greater amount than that which was allowable. Sometime during 1999 and 2000, the IRS corrected the computational error and assessed the additional

---

[2]Respondent maintains that the taxable year 1999 is not before the Court because the petition did not set out a claim of error regarding that year. The Court disagrees. Petitioners properly petitioned the Court for review of 1998 as well as 1999. Consequently, both 1998 and 1999 are properly before the Court.

amount of the excess credit that had been claimed[3] as well as the tax shown as due and owing on the return  Sec. 6213(b).

On July 30, 2002, respondent notified petitioners of an intent to levy with respect to petitioners' unpaid tax liabilities for 1998 and 1999.  The notice listed $2,729.10 due for 1998 and $3,014.71 due for 1999.

Petitioners filed a timely Form 12153, Request for a Collection Due Process Hearing.  In their request, petitioners requested an explanation of their underlying tax deficiencies for the years in question and complained of numerous delays by the IRS.  An Appeals officer subsequently provided petitioners with a written explanation of both their error and the IRS adjustments. Petitioners did not offer any documentation in dispute of this explanation, nor did they propose any collection alternatives; therefore, on August 15, 2003, respondent issued a Notice of Determination to petitioners, concluding:

> you have not established the underlying tax liability to be incorrect.  You did not correctly figure the limitation on low-income housing credits on your original tax returns, and they were corrected during processing.  You did not provide financial information, as requested, to enable consideration of collection alternatives * * *  The tax will not be abated and the lien will not be released or withdrawn.

---

[3]The record does not reflect the exact dates on which the errors on petitioners' 1998 and 1999 Federal income tax returns were corrected; however, petitioners stipulated the underlying tax deficiencies for both years.  The exact dates, therefore, are inconsequential.

Petitioners filed a timely petition in this Court appealing the Appeals officer's determination.[4]

The Court must decide whether petitioners are entitled to relief from the Appeals officer's determination. Where the underlying tax liability is properly at issue, the Court reviews that issue de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Although petitioners did not receive a notice of deficiency and were entitled to challenge the underlying tax liability, they stipulated the correctness of the Commissioner's assessment. Therefore, where the underlying tax liability is not at issue, as in this case, this Court reviews the determination under an abuse of discretion standard. Sego v. Commissioner, 114 T.C. 603 (2000). An abuse of discretion is defined as any action that is unreasonable, arbitrary, or capricious, clearly unlawful, or lacking sound basis in law, taking into account all the facts and circumstances. See, e.g., Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532-533 (1979); Swanson v. Commissioner, 121 T.C. 111, 119 (2003).

Petitioners seek an abatement of all penalties and interest under section 6404 with respect to their taxable years 1998 and 1999 and claim that respondent's failure to do so amounts to an

_____

[4]Petitioners petitioned the Court challenging the underlying tax deficiencies; however, they have since stipulated to the underlying deficiencies and seek only an abatement of interest and penalties.

abuse of discretion.  With respect to petitioners' position regarding respondent's failure to abate interest under section 6404, Mr. Giragosian testified that, although he stated his reluctance to pay interest and penalties to one IRS agent, he neglected to address and request an abatement of interest during the Appeals conference.  Petitioners formally raised the abatement of interest issue for the first time at trial.[5]

As previously stated, respondent's notice of determination is generally reviewed under an abuse of discretion standard. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001).  Under that standard of review, it would be anomalous and improper for this Court to conclude that respondent's Appeals Office abused its discretion under section 6330(c)(3) in failing to grant relief on a claim that was not raised by petitioners in the Appeals process.  Estate of Chimblo v. Commissioner, T.C. Memo. 1997-535, affd. 166 F.3d 119 (2d Cir. 1999); see also secs. 301.6320-1(f)(2), Q&A-F5, 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs. Accordingly, in this Court's review for an abuse of discretion under section 6330(d)(1) of respondent's determination, generally the Court considers only arguments, issues, and other matters

---

[5]The petition does not specifically address abatement of interest and penalties.  As previously noted, petitioners' original petition challenged the underlying deficiencies and asked for a clear explanation of the assessment; however, as noted above, petitioners later stipulated the correctness of the deficiencies.

that were raised at the collection due process hearing or otherwise brought to the attention of the Appeals officer. Magana v. Commissioner, 118 T.C. 488 (2002).

Petitioners, at trial, did not explain why they neglected to raise the issue of abatement of interest with the Appeals officer. Moreover, at trial, Mr. Giragosian acknowledged receipt of Form 843, Claim for Refund and Request for Abatement, accompanied by a letter explaining: "if you feel the interest was due to unreasonable error or delay you may request an abatement of interest on the Form 843, which is enclosed." Petitioners' only explanation as to why they did not reply to this letter or file the Form 843 was that they thought it was futile. Petitioners, therefore, have not established any credible basis for an exception to the general rule in order to consider the new issue of abatement of interest.

With respect to petitioners' argument regarding respondent's failure to abate penalties under section 6404,[6] assuming there were penalties, petitioners acknowledged at trial that they did not raise this issue at their Appeals Office hearing.

_____

[6]The record does not establish conclusively whether penalties actually were assessed against petitioners. Petitioners possessed a letter from an IRS agent stating that penalties were assessed; however, the letter did not specify what the penalties were. Likewise, counsel for respondent stated that, while he was fairly sure no penalties had been assessed against petitioners, he did find one reference to a sec. 6651(a) failure to pay penalty in the administrative record, which he conceded was "not the cleanest".

Consequently, for the reasons discussed above, the Court will not consider the matter.

Petitioners received an appropriate hearing under section 6330(b)(1).  Day v. Commissioner, T.C. Memo. 2004-30; Leineweber v. Commissioner, T.C. Memo. 2004-17; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  Respondent properly verified that the requirements of applicable law and administrative procedures were met and balanced the need for efficient collection of taxes with the legitimate concern of petitioners that the collection action be no more intrusive than necessary.  On this record, the Court holds that there was no abuse of discretion in sustaining the notice of intent to levy.  Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

An appropriate order and decision will be entered.