T.C. Summary Opinion 2006-76


UNITED STATES TAX COURT



RONALD AND BARBARA CARTER, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8430-04S.                    Filed May 10, 2006.


    Ronald and Barbara Carter, pro se.

    Scott Thomas Welch, for respondent.


    COUVILLION, Special Trial Judge: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority. Petitioners
seek a review under section 6320 of respondent's decision to

_____

    [1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.

proceed with collection of their Federal income tax liabilities for the 2000 tax year.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioners' legal residence at the time the petition was filed was Laplace, Louisiana.

Petitioners live and work in Louisiana. Mrs. Carter was not employed during 2000. Mr. Carter retired from Kaiser Aluminum on January 14, 1999, after being employed there for 30 years. Mr. Carter exercised an early retirement payout during a strike. During 2000, Mr. Carter received retirement benefits in the form of a $750 per month pension from Frank Russel Trust Co.[2] Mr Carter also received a cash payout for saved vacation time. The record does not reflect the exact amount of this payout.

Petitioners filed a timely joint Federal income tax return for 2000. On the return, petitioners failed to include as gross income the retirement benefits Mr. Carter received that year.

On November 4, 2002, respondent determined a deficiency and issued separate notices of deficiency to petitioners. The

---

[2]Mr. Carter also testified to working nights in some capacity during the year in question and until a few weeks before trial, when he began receiving disability payments. He did not specify the nature of his work. The deficiency assessed related solely to the retirement benefits received from Kaiser Aluminum; therefore, the nature of Mr. Carter's other employment is inconsequential.

deficiency was for taxable year 2000 in the amount of $5,396 and the section 6662(a) accuracy-related penalty of $1,079.

Petitioners failed to petition this Court with respect to the notices of deficiency, and respondent, in due course, assessed the deficiency and the accuracy-related penalty recited above.

On July 12, 2003, respondent notified petitioners of an intent to levy with respect to their unpaid tax liability for 2000 and advised them of their right to a hearing under section 6330. On August 7, 2003, respondent notified petitioners of an intent to file a Federal tax lien and served notice of their right to a hearing under section 6320.

On September 10, 2003, petitioners filed a timely Form 12153, Request for a Collection Due Process Hearing, under section 6320; however, the request was untimely with respect to section 6330.[3] In their request, petitioners challenged the underlying tax deficiency and stated they were "paying too much on retirement". Petitioners did not offer any documentation in

---

[3]Petitioners filed a Form 12153 with respect to the sec. 6330 levy notice; however, petitioners signed and dated the form on Sept. 3, 2003. The form was postmarked on Sept. 6, 2003, and was received by the IRS on Sept. 10, 2003, which fell outside the 30-day statutory requirement. Sec. 6330(a)(3)(B). IRS Appeals Office, however, afforded petitioners an equivalency hearing and subsequently denied relief. Because petitioners' request fell outside the 30-day period, they are not entitled to judicial review of the Appeals officer's determination with respect to the sec. 6330 notice of intent to levy.

support of this assertion, nor did they propose any collection alternatives. On April 29, 2004, respondent issued a Notice of Determination to petitioners concluding "the IRS's filing of the NTFL was appropriate given the facts and circumstances presented for Appeals consideration in this case and is therefore sustained".

Petitioners filed a timely petition in this Court appealing the Appeals officer's determination. The only issue petitioners raised, both during appeals and at trial, was a challenge to the validity of the underlying income tax liability for the year at issue.

Petitioners may challenge the underlying tax only if they did not receive a statutory notice of deficiency or were not otherwise afforded an opportunity to dispute the tax liability. Sec. 6330(c), (c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000). Receipt of a notice of deficiency for purposes of this section means receipt in time to petition this Court for a redetermination of the deficiency asserted in the notice. Sec. 301.6330-1(e), Q&A-E2, Proced. & Admin. Regs.

Petitioners asserted for the first time at trial that they never received the above-mentioned notices of deficiency. Respondent has the burden of showing that petitioners received

the notices of deficiency.  See Calderone v. Commissioner, T.C. Memo. 2004-240.

In the absence of clear evidence to the contrary, respondent may rely upon presumptions of official regularity and delivery or other circumstantial evidence to prove receipt.  Sego v. Commissioner, supra at 611; Clough v. Commissioner, 119 T.C. 183 (2002).  Respondent established that the duplicate notices of deficiency were separately mailed to petitioners by certified mail to their last known address, the address on petitioners' 2000 Federal income tax return.  Petitioners admitted they had resided at that address for at least 23 years and still reside there.  Mr. Carter testified he lived away from this residence, with his mother, during part of the year at issue; however, he also acknowledged that Mrs. Carter stayed at that residence and delivered mail to him during that time.  Mr. Carter stated he had experienced no problems receiving his mail during that period. The notices of deficiency were not returned undelivered, and all other correspondence between petitioners and the IRS was delivered to and from that address.  Furthermore, correspondence from petitioners to agents of the IRS specifically referenced and challenged the determinations in the notices of deficiency. Therefore, the Court finds that petitioners received the duplicate notices of deficiency and are, therefore, precluded from challenging the underlying liability.

Where the underlying tax liability is not at issue, as in this case, this Court reviews the determination under an abuse of discretion standard. Sego v. Commissioner, supra. An abuse of discretion is defined as any action that is unreasonable, arbitrary, or capricious, clearly unlawful, or lacking sound basis in law, taking into account all the facts and circumstances. See, e.g., Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532-533 (1979); Swanson v. Commissioner, 121 T.C. 111, 119 (2003).

Petitioners received an appropriate hearing under section 6320(b). Day v. Commissioner, T.C. Memo. 2004-30; Leineweber v. Commissioner, T.C. Memo. 2004-17; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Respondent properly verified that the requirements of applicable law and administrative procedures were met and balanced the need for efficient collection of taxes with the legitimate concern of petitioners that the collection action be no more intrusive than necessary. Petitioners have neither alleged nor proven that respondent abused his discretion in denying relief. On this record, the Court holds that there was no abuse of discretion in sustaining the notice of intent to file a Federal tax lien. Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.