T.C. Memo. 2004-17

UNITED STATES TAX COURT

JOHN HUNTZ LEINEWEBER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12161-01L.               Filed January 26, 2004.

John Huntz Leineweber, pro se.

<u>Daniel J. Parent</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Petitioner, under section 6330(d),[1]
petitioned this Court seeking a review of respondent's
determination to proceed with a proposed levy to collect

_____

   [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year under
consideration.

petitioner's unpaid Federal income taxes for 1997. The issues for our consideration are: (1) Whether petitioner was granted an opportunity for a hearing within the meaning of section 6330; and (2) whether respondent's determination to proceed with the proposed collection activity was an abuse of discretion.

A trial was held at San Francisco, California, and petitioner provided testimony and argument.

FINDINGS OF FACT[2]

Petitioner resided in Sacramento, California, at the time he filed the petition in this case. Petitioner filed his 1997 Federal income tax return on October 2, 1998. On the return, petitioner claimed an overpayment of $6,104. Respondent applied the claimed overpayment to petitioner's unpaid tax liability for 1987. Respondent later discovered that petitioner had failed to report $6,022 of interest income for 1997. On February 9, 2000, respondent mailed a statutory notice of deficiency to petitioner with respect to his 1997 tax year. In the notice, respondent determined a $2,198 income tax deficiency and a $220 addition to tax under section 6651(a)(1). Petitioner received the notice but did not file a petition with this Court to contest respondent's deficiency determination. Respondent assessed the additional tax, penalty and interest on July 10, 2000.

---

[2] The parties' stipulation of facts is incorporated by this reference.

On February 9, 2001, respondent issued a Form 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely submitted Form 12153, Request for a Collection Due Process Hearing (administrative hearing). Petitioner did not dispute his liability for the 1997 tax deficiency. Instead, he disputed his responsibility to make payment because he believed that the 1997 overpayment should have been used to satisfy the 1997 income tax deficiency rather than offset against his 1987 tax liability.

Specifically, petitioner claimed respondent erred in applying the 1997 overpayment to his 1987 tax liability. Petitioner mistakenly believed the collection period for his 1987 liability had expired in May 1997; however, the period did not in fact expire until July 8, 2001. Under this erroneous belief, petitioner claimed the 1997 overpayment should have been applied to the 1997 tax liability.

In addition to requesting a hearing, petitioner requested the assistance of the Taxpayer Advocate and his congressional representatives in resolving this matter. The Taxpayer Advocate conducted an investigation and determined the Commissioner was correct in applying the 1997 credits to petitioner's 1987 account. The Taxpayer Advocate verified that the 1987 collection period expired on July 8, 2001, and could see no reason to issue a refund from the 1987 account.

In response to petitioner's request for an administrative hearing, the Appeals officer assigned to petitioner's case contacted petitioner by telephone on June 11, 2001. During this telephone conversation, the Appeals officer asked petitioner to schedule a conference date for a face-to-face, in-person, or telephone conference. Petitioner stated that he wanted his congressional liaison present at the meeting and the Appeals officer expressed doubt as to the liaison's attending as that was not the standard practice. The Appeals officer further explained that typically petitioner and the Appeals officer were expected to attempt to resolve the case. Upon resolution, the Appeals officer would notify the congressional liaison of the resolution. At this point, petitioner took the Appeals officer's number and stated he would call him at a later time.

On June 12, 2001, the Appeals officer received a call from petitioner's congressional liaison concerning petitioner's case. The Appeals officer then telephoned petitioner and left a recorded message asking petitioner to call him to schedule an appointment. No further communication occurred until August 2001.

On August 21, 2001, the Appeals officer again telephoned petitioner and offered the date of September 3, 2001. Petitioner noted that September 3 was the Labor Day holiday. The Appeals officer then offered alternative dates of September 4 or 5.

Petitioner stated he could not access his calendar on his computer and would have to get back to the Appeals officer with a date.

After not hearing from petitioner, the Appeals officer telephoned him again on August 28, 2001. During this conversation the Appeals officer indicated that he was scheduling a conference for September 5, 2001. Petitioner stated that he refused to confirm that date. Petitioner did not give a reason for refusing to confirm, nor did he offer alternative dates. On this same day, the Appeals officer contacted the Taxpayer Advocate who stated she would not attend any hearing and that Appeals should proceed with the September 5, 2001, hearing. The Taxpayer Advocate also contacted petitioner by telephone on August 28, 2001, and told him that he needed to work with the Appeals officer to resolve the 1997 dispute.

The Appeals officer, after consulting with his manager, wrote a letter, dated August 28, 2001, to petitioner, informing him that a conference was scheduled for 9:30 a.m. on September 5, 2001. In the letter, the Appeals officer indicated, "I reminded you of the date this morning and you said that you didn't confirm it but didn't offer an alternative date. I will proceed with a correspondence hearing, if you don't appear for the 9-5-01 hearing I have offered. I will make my decision from the information in the administrative file."

Upon receiving the Appeals officer's letter, petitioner did not telephone the Appeals officer, but instead wrote a letter to the Taxpayer Advocate, dated August 30, 2001, and sent a copy to the Appeals officer. The letter was essentially a record of petitioner's contacts with the Internal Revenue Service regarding his 1997 tax liability. At the end of this letter, petitioner stated that the earliest he could meet with anyone would be September 17, 2001, as he was seeking work and his schedule was full. The Appeals officer's copy of petitioner's August 30, 2001, letter did not reach the Appeals officer until the afternoon of September 5, 2001, which was after the 9:30 a.m. time scheduled for the hearing that day.

When petitioner did not appear for the scheduled hearing, the Appeals officer held a correspondence hearing. As a result of this hearing, the Appeals officer determined the proposed levy was legally and procedurally correct. That same day, the Appeals officer sent petitioner a letter, dated September 5, 2001, notifying him of the result of the hearing. Attached to this letter was a transcript of petitioner's 1997 tax liability. The Appeals officer also stated in the letter that petitioner had not proposed any collection alternatives, so the Appeals Office would be issuing a determination letter and petitioner should call if he had any questions.

Petitioner did not attempt to call the Appeals Office or to schedule a conference in response to the September 5, 2001, letter. Further, petitioner did not attempt to raise any collection alternatives. As a result, on September 14, 2001, respondent's Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) in which the proposed levy was determined to be appropriate to collect petitioner's unpaid tax for 1997. Petitioner timely appealed to this Court for review of respondent's determination.

OPINION

The issues we consider arise from respondent's determination to proceed with collection under section 6330. Specifically we must decide (1) whether petitioner was granted an opportunity for a hearing within the meaning of section 6330; and (2) whether respondent's determination to proceed with the proposed collection activity was an abuse of discretion.

Before the Commissioner may proceed to levy on a taxpayer's property or right to property, the taxpayer must be notified, in writing of the Commissioner's intent and of the taxpayer's right to a hearing. Secs. 6330(a), 6331(d). Section 6330 provides that, upon request and in the circumstances described therein, a taxpayer has a right to a hearing which consists of the following elements: (1) An impartial officer will conduct the hearing; (2)

the conducting officer will receive verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (3) certain issues may be heard such as spousal defenses and offers-in-compromise; and (4) a challenge to the underlying liability may be raised if the taxpayer did not receive a statutory notice of deficiency or otherwise receive an opportunity to dispute the liability. Sec. 6330(c).

Petitioner received written notice of respondent's intent to levy and petitioner's right to a hearing. In response, petitioner timely filed his request for an administrative hearing. An experienced Appeals officer was assigned to petitioner's case. The Appeals officer had no prior involvement with respect to petitioner's unpaid tax. This satisfies the first element of petitioner's right to a hearing with an impartial officer. The second through fourth elements are usually satisfied at the time of the hearing.

Petitioner claims he was not afforded the opportunity for a hearing. The record, however, indicates that respondent provided petitioner with ample opportunities, but that petitioner declined such opportunities. On several occasions, petitioner was telephonically contacted by the Appeals officer to schedule a conference. Petitioner would not agree to any suggested dates for a hearing and did not offer any alternative dates. When the

Appeals officer decided to set a date, petitioner refused to confirm that date and, again, did not offer an alternative date.

The Appeals officer mailed, and petitioner received, written notice that a hearing was scheduled for September 5, 2001. The notice informed petitioner that if he did not attend the hearing, the hearing would proceed without him. Accordingly, the determination would be based on information in the administrative file. After receiving this letter, petitioner did not attempt to contact the Appeals officer or reschedule the hearing.

Instead, petitioner wrote a letter to the Taxpayer Advocate relating a history of his contacts with the Internal Revenue Service. Toward the end of the letter petitioner mentioned that he had a full schedule until September 17, 2001, but did not propose an alternate date or time to meet. Petitioner sent a copy of this letter to the Appeals officer; however it did not reach the Appeals officer until after the time of the scheduled hearing.

In determining whether petitioner received an opportunity for a hearing, the Administrative and Procedural Regulations are instructive. They provide:

> Q-D7. If a taxpayer wants a face-to-face CDP hearing, where will it be held?
>
> A-D7. The taxpayer must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence, * *

> \*.  If that is not satisfactory to the
> taxpayer, the taxpayer will be given an
> opportunity for a hearing by correspondence
> or by telephone.  If that is not satisfactory
> to the taxpayer, the Appeals officer * * *
> will review the taxpayer's request for a CDP
> hearing, the case file, any other written
> communications from the taxpayer * * * and
> any notes of any oral communications with the
> taxpayer or the taxpayer's representative.
> Under such circumstances, review of those
> documents will constitute the CDP hearing for
> the purposes of section 6330(b).  [Sec.
> 301.6330-1(d)(2) Q-D7, A-D7, Proced. & Admin.
> Regs.]

Petitioner had requested a face-to-face hearing, insisting that the Taxpayer Advocate be present as well as his congressional liaison.  Petitioner was offered a hearing on several occasions; however, none of the offers were satisfactory to petitioner.  It was not the responsibility of the Appeals officer to arrange for petitioner's congressional liaison and Taxpayer Advocate to be present.  Moreover, the Appeals officer could not make any arrangements without petitioner agreeing to a hearing date.

Petitioner received notice that if he did not appear at the September 5, 2001, hearing, the Appeals officer would make a determination based on the administrative file.  When petitioner refused to confirm a date and did not appear for the hearing, it was appropriate for the Appeals officer to presume that petitioner did not intend to have a face-to-face hearing of the type normally offered by the Appeals Office.  Petitioner has not

shown that he is entitled to have the Taxpayer Advocate and/or his congressional liaison present at a hearing under section 6330.

Accordingly, it was not an abuse of discretion for the Appeals officer to proceed with a hearing based on the administrative file and prior telephone conversations with petitioner. Under these circumstances, the Appeals officer's review of these documents constituted the administrative hearing for purposes of section 6330(b). Sec. 301.6330-1(d)(2)(A-D7), Proced. & Admin. Regs.

Further, we have held that a face-to-face meeting is not required. Katz v. Commissioner, 115 T.C. 329 (2000). Recently, we decided a factually similar case, wherein a taxpayer claimed he was denied a hearing under section 6330. Mann v. Commissioner, T.C. Memo. 2002-48. In that case, the Appeals officer scheduled a hearing and provided the taxpayer with written notice of the hearing. Id. The taxpayer received the notice, but did not attend the hearing and did not attempt to reschedule the hearing. Id. We held in that case that the taxpayer had been granted an opportunity for a hearing. Id.

The circumstances we consider here are less compelling for petitioner than those in Mann v. Commissioner, supra. In that case, the taxpayer was given one notice of the meeting and his failure to appear was not equated with a failure to give him an

opportunity for a hearing.  Here, petitioner was given numerous opportunities to establish a date for a section 6330 hearing, and he declined on each occasion without offering an alternative date.  Finally, when a specific date was set, petitioner failed to appear or provide the Appeals Office with a reasonable or timely alternative.  Accordingly, we hold that petitioner was granted an opportunity for a hearing in accordance with section 6330.

Concerning the tax year under consideration, petitioner received a statutory notice of deficiency and had an opportunity to petition this Court.  Petitioner did not file a petition with respect to the notice of deficiency, nor does petitioner dispute the existence or the amount of the underlying tax liability.  Rather, petitioner argues that the collection period for his 1987 liability had expired in May 1997.  Petitioner, under this belief, claims the 1997 overpayment was incorrectly applied to his 1987 tax liability.  Petitioner's contention, however, is erroneous.

Petitioner filed his 1987 Federal income tax return in November 1988.  Within 3 years of that date, on July 8, 1991, respondent assessed petitioner's income tax deficiency for 1987.  See sec. 6501(a).  Under section 6502, a tax liability may be collected by levy or proceedings begun within 10 years after the assessment.  The Taxpayer Advocate, therefore, was correct in

determining that the 1987 collection period did not expire until July 8, 2001. Accordingly, using the 1997 overpayment as an offset to satisfy petitioner's 1987 tax liability was proper.

What remains for our decision is whether respondent's determination to proceed with collection was an abuse of discretion. Sec. 6330(d). The Appeals officer considered petitioner's argument that the 1997 overpayment should have been used to satisfy petitioner's 1997 income tax deficiency instead of its use as an offset to satisfy petitioner's 1987 tax liability. Section 6402 allows the Secretary to credit the amount of an overpayment against any liability in respect of an internal revenue tax on the part of the person who made the overpayment. Such offset does not preclude the Internal Revenue Service from making a later determination or assessment with regard to the overpayment year. Owens v. Commissioner, 50 T.C. 577, 583 (1968); Clark v. Commissioner, 158 F.2d 851 (6th Cir. 1946).

The Appeals officer verified that respondent had complied with all legal and procedural requirements pertaining to the proposed levy. Petitioner did not challenge the appropriateness of the intended method of collection or offer a collection alternative. Also, petitioner did not raise any other defenses to collection. Consequently, the Appeals officer determined the proposed levy was legally and procedurally correct. Petitioner

received the notice of determination with an attached transcript of his 1997 tax liability.

Accordingly, we hold there was no abuse of discretion in respondent's determination to proceed with collection of petitioner's 1997 tax liability.  We have considered all of petitioner's arguments, and to the extent that they are not mentioned herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered permitting respondent to proceed with collection</u>.