T.C. Memo. 2005-94


UNITED STATES TAX COURT



JAMES VERNON WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13821-03L.          Filed May 2, 2005.


    P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action was appropriate.

    <u>Held</u>:  Because P has advanced groundless
complaints in dispute of the notice of intent to levy,
R's determination to proceed with collection action is
sustained.

    <u>Held</u>, <u>further</u>, a penalty under sec. 6673, I.R.C.,
is due from P and is awarded to the United States in
the amount of $5,000.


James Vernon Williams, pro se.

<u>Alan J. Tomsic</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case arises from a petition for
judicial review filed in response to a Notice of Determination
Concerning Collection Action Under Section 6330.[1]  The issues for
decision are:  (1) Whether respondent may proceed with collection
action as so determined, and (2) whether the Court, sua sponte,
should impose a penalty under section 6673.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.
The stipulations of the parties, with accompanying exhibits, are
incorporated herein by this reference.

Petitioner filed Forms 1040, U.S. Individual Income Tax
Return, for the 1999 and 2000 taxable years on or about April 17,
2000, and April 10, 2001, respectively.  On each of these
returns, petitioner reported $0 on substantially all pertinent
lines, including $0 of total income and $0 of total tax.  The
1999 return also incorporated petitioner's request for a refund
of $2,600, derived from 1999 estimated tax payments and the
amount applied from his 1998 return.  Petitioner attached to each
return a statement contending, inter alia, that no law

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

established his liability for income taxes or required him to file a return.

Respondent issued to petitioner a statutory notice of deficiency for 1999 on January 18, 2002, and for 2000 on February 1, 2002. The deficiencies determined for 1999 and 2000 were $13,896 and $19,833, respectively. Respondent also determined accuracy-related penalties under section 6662(a) in the respective amounts of $2,259 and $3,967. Petitioner at no time petitioned this Court for redetermination of the deficiency and penalty reflected in either notice. Respondent assessed tax, penalty, and interest amounts due for 1999 and 2000 on September 30, 2002, and sent notice(s) of balance due on that date.

On February 11, 2003, respondent issued to petitioner a Final Notice of Intent To Levy and Notice of Your Right To a Hearing with respect to his unpaid liabilities for 1999 and 2000.[2] Petitioner executed on February 24, 2003, and timely submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, with multiple attachments setting forth his disagreement with the proposed levy. He challenged the validity

---

[2] The notice of intent to levy incorporated, in addition to the income tax liabilities dealt with in the notice of determination and at issue in this proceeding, civil penalties under sec. 6702 for the filing of frivolous returns. This Court lacks jurisdiction to review any issues related to those penalties. Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000).

of, and requested that the Appeals officer have at the hearing copies of documents pertaining to, among other things, the underlying tax liability, the assessment, the notice and demand for payment, and the verification from the Secretary that the requirements of any applicable law or procedure had been met.

Appeals Officer Julieanne M. Petersen (Ms. Petersen), of the Internal Revenue Service (IRS) Office of Appeals in Las Vegas, Nevada, sent petitioner a letter dated May 5, 2003, scheduling a hearing for June 4, 2003. The letter briefly outlined the hearing process, advised that audio or stenographic recording of hearings was not allowed, and explained the opportunity to present and discuss "non-frivolous" material. The letter also warned petitioner as follows: "The Courts have deemed the arguments that are contained in your previous correspondence with the Internal Revenue Service frivolous. They will not hear them and neither will they be addressed at your Collection Due Process hearing."

Petitioner responded on May 16, 2003, with a 17-page letter asserting his right to record the hearing, as well as reiterating and expanding upon arguments advanced in his previous communications. Ms. Petersen sent a follow-up letter dated May 30, 2003, in which she specifically addressed petitioner's arguments; cited numerous cases contrary to the positions being taken by petitioner; alerted petitioner that his present

noncompliance with filing requirements would render collection alternatives unavailable; and pointed petitioner to Pierson v Commissioner, 115 T.C. 576, 581 (2000), and other cases establishing imposition of sanctions in analogous circumstances. Ms. Petersen enclosed with the letter certified transcripts of account and copies or summaries of the various cited cases. Petitioner again responded with a lengthy letter dated June 2, 2003, in the same vein as his earlier submissions. As regards the hearing, he stated: "I'll be there @ 1:00pm with recorder running and plan to bring a witness or two."

Petitioner appeared for the scheduled hearing on June 4, 2003, but the hearing did not proceed when Ms. Petersen refused to permit petitioner to record the meeting. On July 18, 2003, respondent issued to petitioner the aforementioned Notice of Determination Concerning Collection Action Under Section 6330, sustaining the proposed levy action. An attachment to the notice addressed the verification of legal and procedural requirements, the issues raised by the taxpayer, and the balancing of efficient collection and intrusiveness. According to the attachment, petitioner "did not raise any non-frivolous arguments."

Petitioner's petition disputing the notice of determination was filed with the Court on August 18, 2003, and reflected an address in Pahrump, Nevada. Therein petitioner (1) claimed that he was denied a hearing on account of the inability to record,

(2) referenced the section 7401 authorization requirement for civil actions, and (3) demanded "his hearing and sanctions against agent(s)."

On August 10, 2004, respondent filed a motion for summary judgment pursuant to Rule 121. Petitioner was directed to file any response to respondent's motion on or before September 10, 2004. The Court permitted the filing on October 12, 2004, of an untimely response wherein petitioner propounded frivolous rhetoric, including assertions of "fraud" on the part of respondent. The Court on November 16, 2004, issued an order denying the motion for summary judgment, ruling as follows:

> As respondent correctly notes in the motion for summary judgment, issues raised by petitioner during the administrative process and before us have been repeatedly rejected by this and other courts or are refuted by the documentary record. Moreover, the Court observes that maintenance of similar arguments has served as grounds for imposition of penalties under section 6673. However, the case in its current posture presents a procedural shortcoming.

> On July 8, 2003, this Court issued Keene v. Commissioner, 121 T.C. 8, 19 (2003), in which it was held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record section 6330 hearings. The taxpayer in that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing. Id. In contrast, we have distinguished, and declined to remand, cases where the taxpayer had participated in an Appeals Office hearing, albeit unrecorded, and where all issues raised by the taxpayer could be properly decided from the existing record. E.g., id. at 19, 20; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v. Commissioner, T.C. Memo. 2003-196; Kemper v. Commissioner, T.C. Memo. 2003-195.

The circumstances of the instant case are analogous to those in Keene v. Commissioner, supra, and diverge from those where it was determined that remand was not necessary and would not be productive. Critically, the notice of determination was issued on July 18, 2003. Although this date is subsequent to the opinion in Keene v. Commissioner, supra, petitioner was not afforded an opportunity for a recorded conference. Further, because the requested face-to-face hearing was not held, there still exists a possibility that petitioner might have raised one or more nonfrivolous issues if the meeting had proceeded.

In this situation, the Court declines to characterize the failure to allow recording as harmless error. Hence, the Court will deny respondent's motion for summary judgment at this time. As in Keene v. Commissioner, supra at 19, however, we admonish petitioner that if he persists in making frivolous and groundless tax protester arguments in any further proceedings with respect to this case, rather than raising relevant issues, as specified in section 6330(c)(2), the Court may consider granting a future motion for summary judgment. In such an instance, the Court would also be in a position to impose a penalty under section 6673(a)(1).

On November 24, 2004, the Court also issued an order explaining the returning unfiled of various other procedurally improper documents received from petitioner during October and November. We noted that the documents were "replete with frivolous contentions and tax protester rhetoric" and, in light of petitioner's "continued recalcitrance", reiterated our earlier warning regarding penalties under section 6673.

This case was called from the calendar of the trial session of the Court in Las Vegas, Nevada, on December 6, 2004, and a trial was held on that date. At the outset, the Court reminded petitioner that respondent's motion for summary judgment had been

denied because recording was not permitted, and we explained as follows:

> Now, the point that I want to make sure that you understand here is that this hearing is being recorded, and it will be recorded verbatim. So that any issues that you wish to raise, you need to raise them here, because you won't get another chance to raise them somewhere else unless I conclude at the end of this trial that there are issues which must be ruled upon by an appeals officer, and which are legitimate issues, so that I can determine if that appeals officer abused their discretion.
>
> If there are no legitimate issues, then there is nothing for me to determine that the appeals officer has abused--that is, that there is no issue that the appeals officer could have abused their discretion on, and so there is no need to remand the case.

Petitioner proceeded to make a lengthy argument focusing primarily on his contention that, in denying a recorded hearing and in refusing to clarify the statutes and regulations used to determine any taxable income, respondent violated the letter and intent of the law. Petitioner asked that the determination be vacated and that an award be issued under section 7433. However, petitioner declined to be sworn in or to offer any other testimony or evidence.

Following the proceedings, each party filed a posttrial brief. Petitioner recapitulated his arguments made at trial and prayed for a series of remedies, most of which are not within the jurisdiction of this Court.

OPINION

I.  Collection Actions

   A.  General Rules

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment.  Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations.  Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed.  Section 6331(d) also indicates that this notification should include a statement of available administrative appeals.  Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the IRS Office of Appeals.  Section 6330(b) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

     SEC. 6330(c).  Matters Considered at Hearing.--In
   the case of any hearing conducted under this section--

(1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.--

(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a U.S. District Court, depending upon the type of tax.  In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

B.  Analysis

1.  Appeals Hearing

Hearings conducted under section 6330 are informal proceedings, not formal adjudications.  Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000).  There exists no right to subpoena witnesses or documents in connection with section 6330 hearings.  Roberts v. Commissioner, 118 T.C. 365, 372 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002); Davis v. Commissioner, supra at 41-42.  Taxpayers are entitled to be offered a face-to-face hearing at the Appeals Office nearest their residence.  Where the taxpayer declines to participate in a proffered face-to-face hearing, hearings may also be conducted by telephone or correspondence.  Katz v. Commissioner, supra at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.  Furthermore, once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself or herself of that opportunity, we have approved the making of a determination to proceed with collection based on the Appeals officer's review of the case

file.  See, e.g., <u>Taylor v. Commissioner</u>, T.C. Memo. 2004-25; <u>Leineweber v. Commissioner</u>, T.C. Memo. 2004-17; <u>Armstrong v. Commissioner</u>, T.C. Memo. 2002-224; <u>Gougler v. Commissioner</u>, T.C. Memo. 2002-185; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Thus, a face-to-face meeting is not invariably required.

Regulations promulgated under section 6330 likewise incorporate many of the foregoing concepts, as follows:

Q-D6.  How are CDP hearings conducted?

A-D6.  * * * CDP hearings * * * are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting.  A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. * * *

Q-D7.  If a taxpayer wants a face-to-face CDP hearing, where will it be held?

A-D7.  The taxpayer must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence or, in the case of a business taxpayer, the taxpayer's principal place of business.  If that is not satisfactory to the taxpayer, the taxpayer will be given an opportunity for a hearing by correspondence or by telephone.  If that is not satisfactory to the taxpayer, the Appeals officer or employee will review the taxpayer's request for a CDP hearing, the case file, any other written communications from the taxpayer (including written communications, if any, submitted in connection with the CDP hearing), and any notes of any oral communications with the taxpayer or the taxpayer's representative.  Under such circumstances, review of those documents will constitute the CDP hearing for the purposes of section 6330(b).  [Sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.]

This Court has cited the above regulatory provisions, and corresponding promulgations under section 6320, with approval. See, e.g., Taylor v. Commissioner, supra; Leineweber v. Commissioner, supra; Dorra v. Commissioner, supra; Gougler v. Commissioner, supra.

With respect to the instant matter, the record reflects that petitioner was provided with an opportunity for a face-to-face hearing on June 4, 2003. The hearing did not proceed when petitioner was not permitted to record the meeting. As explained in our previous order in this case, in Keene v. Commissioner, 121 T.C. 8, 19 (2003), this Court held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record section 6330 hearings. The taxpayer in that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing. Id.

In contrast, again as noted in our November 16, 2004, order, we have distinguished, and declined to remand, cases where the taxpayer had participated in an Appeals Office hearing, albeit unrecorded, and where all issues raised by the taxpayer could be properly decided from the existing record. E.g., id. at 19-20; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v. Commissioner, T.C. Memo. 2003-196; Kemper v. Commissioner, T.C. Memo. 2003-195. Stated otherwise, cases will not be remanded to Appeals, nor

determinations otherwise invalidated, merely on account of the lack of a recording when to do so is not necessary and would not be productive.  See, e.g., Frey v. Commissioner, supra; Durrenberger v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra; see also Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).  A principal scenario falling short of the necessary or productive standard exists where the taxpayers rely on frivolous or groundless arguments consistently rejected by this and other courts.  See, e.g., Frey v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra.

Because no hearing had been conducted at all in petitioner's case, we declined to grant respondent's motion for summary judgment.  The record as it then existed did not foreclose the possibility that petitioner might have raised valid arguments had a hearing been held.  Accordingly, we provided petitioner an opportunity before the Court at the trial session in Las Vegas to identify any legitimate issues he wished to raise that could warrant further consideration of the merits of his case by the Appeals Office or this Court.  Petitioner, however, merely continued to focus on the denial of a recorded hearing and offered no substantive issues of merit.

Hence, despite repeated warnings and opportunities, the only contentions other than the recorded hearing advanced by

petitioner are, as will be further discussed below, of a nature previously rejected by this and other courts.  The record therefore does not indicate that any purpose would be served by remand or additional proceedings.  The Court concludes that all pertinent issues relating to the propriety of the collection determination can be decided through review of the materials before it.

    2.  Review of Underlying Liabilities

Statutory notices of deficiency for 1999 and 2000 were issued to petitioner, and he has at no time alleged that he did not receive these notices.  He did not timely petition this Court for redetermination when he had the opportunity to do so.  Accordingly, petitioner is precluded under section 6330(c)(2)(B) from disputing his underlying 1999 and 2000 liabilities in this proceeding.  His remaining contentions generally challenging the "existence" of any statute imposing or requiring him to pay income tax warrant no further comment.  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.")

### 3. Review for Abuse of Discretion

Petitioner has also made various arguments relating to aspects of the assessment and collection procedures that we review for abuse of discretion. Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Federal tax assessments are formally recorded on a record of assessment in accordance with section 6203. The Commissioner is not required to use Form 23C in making an assessment. Roberts v. Commissioner, 118 T.C. at 369-371. Furthermore, section 6330(c)(1) mandates neither that the Appeals officer rely on a particular document in satisfying the verification requirement nor that the Appeals officer actually give the taxpayer a copy of the verification upon which he or she relied. Craig v. Commissioner, 119 T.C. 252, 262 (2002); Nestor v. Commissioner, 118 T.C. at 166.

A Form 4340, Certificate of Assessments, Payments and Other Specified Matters, for instance, constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. at 40 (and cases cited threat). Consequently, absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340

reflecting that tax liabilities were assessed and remain unpaid is sufficient to support collection action under section 6330. Id. at 40-41. We have specifically held that it is not an abuse of discretion for an Appeals officer to rely on Form 4340, Nestor v. Commissioner, supra at 166; Davis v. Commissioner, supra at 41, or a computer transcript of account, Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48, to comply with section 6330(c)(1).

Here, the record contains Forms 4340 for 1999 and 2000, indicating that assessments were made for each of these years and that taxes remain unpaid. Petitioner has cited no irregularities that would cast doubt on the information recorded thereon.

In addition to the specific dictates of section 6330, the Secretary, upon request, is directed to furnish to the taxpayer a copy of pertinent parts of the record of assessment setting forth the taxpayer's name, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed. Sec. 6203; sec. 301.6203-1, Proced. & Admin. Regs. A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 and section 301.6203-1, Proced. & Admin. Regs. Roberts v. Commissioner, supra at 370 n.7. This Court likewise has upheld collection action where taxpayers were provided with literal transcripts of account (so-called MFTRAX). See, e.g.,

Frank v. Commissioner, T.C. Memo. 2003-88; Swann v. Commissioner, T.C. Memo. 2003-70. The May 30, 2003, letter to petitioner from Ms. Petersen enclosed copies of certified transcripts of account. The Court concludes that petitioner's complaints regarding the assessments and verification are meritless.

Petitioner has denied receiving the notice and demand for payment that section 6303(a) establishes should be given within 60 days of the making of an assessment. However, a notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). Craig v. Commissioner, supra at 262-263. The Forms 4340 indicate that petitioner was sent notices of balance due for each of the tax years involved.

Petitioner has also attempted to raise section 7401 as a defense. Section 7401 directs that no civil action for, inter alia, collection or recovery of taxes shall be commenced unless authorized or sanctioned by the Secretary. This section has no bearing on the instant proceeding in that the levying upon property under section 6331 is an administrative action that does not necessitate the institution of a civil suit.

Lastly, in his petition, petitioner requested "sanctions against agent(s)." He also cited sections 7214 and 7433 at trial and on brief. The record in this case reflects nothing that would warrant any form of "sanctions" against IRS personnel. Furthermore, statutes such as sections 7214 and 7433, imposing

criminal and civil penalties, respectively, against IRS personnel in enumerated circumstances, are not within the jurisdiction of this Court.

Thus, with respect to those issues enumerated in section 6330(c)(2)(A) and subject to review in collection proceedings for abuse of discretion, petitioner has not raised any spousal defenses, valid challenges to the appropriateness of the collection action, or collection alternatives. As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. at 185-186; Goza v. Commissioner, 114 T.C. 176, 183 (2000). For completeness, we have addressed various points advanced by petitioner during the administrative process and this litigation, but the items listed in section 6330(c)(2)(A) were not pursued in any proceedings. Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.

## II. Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it

appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  In <u>Pierson v. Commissioner</u>, 115 T.C. at 581, we warned that taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions will face sanctions under section 6673.  We have since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty.  See, e.g., <u>Craig v. Commissioner</u>, 119 T.C. at 264-265 (and cases cited thereat).

With respect to the instant matter, we are convinced that petitioner instituted this proceeding primarily for delay. Throughout the administrative and pretrial process, petitioner advanced contentions and demands previously and consistently rejected by this and other courts.  He submitted lengthy communications quoting, citing, using out of context, and otherwise misapplying portions of the Internal Revenue Code, regulations, Supreme Court decisions, and other authorities. While his procedural stance concerning recording was correct, he ignored the Court's explicit warning that any further proceedings would be justified only in the face of relevant and nonfrivolous issues.

Moreover, petitioner was, on multiple occasions, expressly alerted to the potential use of sanctions in his case.  Yet he appeared at the trial session in Las Vegas without any legitimate evidence or argument in support of his position.  He instead continued to espouse those positions that had been explicitly addressed and rejected in this Court's order of November 16, 2004, or in other cases previously decided by the Court.  The Court sua sponte concludes that a penalty of $5,000 should be awarded to the United States in this case.  To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.