T.C. Memo. 2010-180

UNITED STATES TAX COURT

WILLIE C. JACKSON, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19243-09L.              Filed August 9, 2010.

Willie C. Jackson, Jr., pro se.

<u>Katherine Lee Kosar</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This collection review matter is before the
Court on respondent's motion for summary judgment filed pursuant
to Rule 121.[1]  Respondent contends that he is entitled to

_____

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code, unless otherwise indicated.

judgment as a matter of law on whether the Appeals Office correctly determined to sustain the proposed levy against petitioner to collect the unpaid amounts he reported due on the late-filed income tax returns for 2001, 2004, 2006 and 2007 (years at issue).  We shall grant respondent's motion.

## Background

Petitioner resided in Ohio at the time he filed the petition.  Petitioner failed to timely file a return for several years.  Petitioner eventually filed a return for all years at issue in 2008.  On each return petitioner reported a tax due but failed to pay it.  Respondent then assessed the $85,725[2] shown due on the returns and $3,886 of statutory interest under section 6601.[3]  Respondent also assessed $4,727 of late payment and late filing additions to tax (additions) for the years at issue.

Petitioner failed to pay the assessed amounts.  Respondent thereafter sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice).  Petitioner timely requested a face-to-face collection due process (CDP) hearing that he wanted to record.  Petitioner also challenged respondent's collection activity as well as the underlying tax liabilities that he had reported on the returns.  Petitioner also

---

[2]All amounts are rounded to the nearest dollar.

[3]Respondent applied twelve $50 payments that petitioner filed with his returns against petitioner's liabilities.

asked that the additions and interest be abated and that alternative collection methods be considered.

Settlement Officer Deborah Douglas (SO Douglas) was assigned petitioner's collection case. SO Douglas mailed a letter to petitioner to schedule a telephone conference. SO Douglas informed petitioner that to have a face-to-face meeting he had to submit copies of Federal income tax returns for 2003, 2005, and 2008 as well as verify he was current with estimated tax payments for 2008 and 2009. SO Douglas also requested that petitioner submit complete financial information on Form 433-A, Collection Information Statement, for alternative collection methods to be considered. SO Douglas also asked petitioner to provide reasonable cause for his late payments and late filings for the four years at issue if he wished to have the additions to tax for those years abated and to send copies of amended returns for those years if he disagreed with the self-assessed amounts. SO Douglas stated in a followup letter dated May 19, 2009 that petitioner had 14 days from the date of the letter to provide SO Douglas with the requested information.

Petitioner declined to participate in the scheduled telephone conference with SO Douglas and insisted on a face-to-face hearing. Petitioner failed to provide the requested financial information, a completed Form 433-A, or amended returns to SO Douglas by the stated deadline. SO Douglas reviewed the

material and arguments petitioner presented and determined to sustain the proposed levy.  SO Douglas sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination notice) sustaining the proposed levy regarding the four years at issue.  The determination notice stated that petitioner did not offer any collection alternatives and failed to show that his tax liabilities differed from those that he reported on the income tax returns he filed for the years at issue.

Petitioner timely filed an imperfect petition seeking relief from the determination notice.  Petitioner filed an amended petition contending that SO Douglas did not provide him the opportunity to challenge the existence of the underlying liabilities and denied him the right to a face-to-face hearing.  Respondent moved for summary judgment.  Petitioner failed to file an objection and also failed to appear at calendar call for the scheduled hearing on respondent's motion.

### Discussion

We are asked to decide whether it is appropriate to grant summary judgment in this collection review proceeding.  Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See, e.g., FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001).  Either party may move for summary judgment upon all or any part of the legal issues in

controversy.  Rule 121(a).  The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  The party opposing summary judgment must set forth specific facts to show that a question of material fact exists and may not rely merely on allegations or denials in the pleadings.  Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

The Court in collection review matters will review an Appeals Office determination de novo where the underlying tax liability is at issue.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  A taxpayer's underlying tax liability may be at issue if the taxpayer did not receive a deficiency notice or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).  Respondent was not obliged to issue a deficiency notice here as the taxes in question were self-assessed.  See sec. 6201(a)(1); see also Montgomery v. Commissioner, 122 T.C. 1, 7-8 (2004) ("underlying tax liability" includes an amount self-assessed under section 6201(a)).  Thus, the Court will review de novo SO Douglas' determination that petitioner is liable for the assessed amounts.

Petitioner filed a return for each of the years at issue, reported income tax due for each year, and failed to pay the

amount reported as due.  Petitioner now wants to contest liability for the taxes he reported.  Petitioner did not provide SO Douglas or this Court with any information to support any modifications to his outstanding Federal income tax liabilities or the additions for any period at issue.  Rather, petitioner simply parrots the language of the statute and fails to make any relevant arguments.  Petitioner has failed to support his challenge to the assessments here.  Cf. Montgomery v. Commissioner, supra.  We therefore conclude that petitioner is liable for the underlying amounts at issue.

Petitioner also argues that SO Douglas denied him the right to a face-to-face hearing to challenge the underlying liabilities or raise collection alternatives.  We must review SO Douglas' determination regarding the collection action for an abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000).  A CDP hearing may consist of one or more written or oral communications between an Appeals officer and the taxpayer.  Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.; see Katz v. Commissioner, 115 T.C. 329 (2000); Dinino v. Commissioner, T.C. Memo. 2009-284.  This Court and other courts have held that a face-to-face CDP hearing is not required under section 6330 in all circumstances.  Katz v. Commissioner, supra (telephone conference procedurally proper); Williamson v. Commissioner, T.C. Memo. 2009-188 (taxpayer not entitled to face-to-face hearing);

Stockton v. Commissioner, T.C. Memo. 2009-186 (upholding denial of face-to-face conference); Leineweber v. Commissioner, T.C. Memo. 2004-17 (prior telephone conversations constitute CDP hearing); Tilley v. United States, 270 F. Supp. 2d 731 (M.D.N.C. 2003) (telephone conversations sufficed), affd. 85 Fed. Appx. 333 (4th Cir. 2004).

Here, SO Douglas exchanged written correspondence with petitioner and gave him ample opportunity to provide the requisite documentation for a determination and to raise relevant issues. Moreover, SO Douglas requested that petitioner submit complete financial information on a completed Form 433-A with supporting documentation for collection alternatives to be considered. Petitioner failed to submit the requested information.

SO Douglas also verified that all requirements of applicable law and administrative procedure had been met. SO Douglas considered the issues petitioner raised and whether the proposed collection action balanced the need for efficient collection with any legitimate concerns of petitioner. We do not find that SO Douglas abused her discretion in sustaining the proposed collection by levy.

We have considered all arguments made in reaching our decision, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit. We conclude that there

are no genuine issues of material fact and that respondent is entitled to summary judgment as a matter of law.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.