T.C. Memo. 2013-183

UNITED STATES TAX COURT

B. GORDON LAFORGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7997-12L.                    Filed August 12, 2013.

<u>Joshua B. Beisker</u>, for petitioner.

<u>Rachel L. Schiffman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner seeks review of

respondent's determination to proceed with collection by levy of his unpaid 2005

―――――――――――――

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] and 2006 Federal income tax liabilities.  The issue for decision is whether respondent abused his discretion in sustaining the proposed levy action for 2005 and 2006.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time petitioner filed his petition, he was a resident of New Jersey.

On June 13, 2007, the Internal Revenue Service (IRS) mailed petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to his outstanding income tax liabilities for 1993, 1994, 1995, 1996, 2000, 2001, and 2002.

On January 3, 2011, the IRS mailed petitioner two Letters 1058, one relating to petitioner's outstanding income tax liabilities for 2000, 2001, 2002, 2005, and 2006 and one relating to his outstanding income tax liabilities for 1993, 1994, 1995, 1996, 2000, 2001, 2002, 2005, and 2006.

On January 14, 2011, the IRS received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing (first Form 12153), relating to taxable years 2000, 2001, 2002, 2005, and 2006.  On the first Form 12153 petitioner checked the boxes for an installment agreement and an

[*3] offer-in-compromise (OIC). On February 8, 2011, petitioner submitted a second Form 12153 (second Form 12153) relating to taxable years 1993, 1994, 1995, 1996, 2000, 2001, 2002, 2005, and 2006. On the second Form 12153 petitioner also checked the boxes for an installment agreement and an OIC.

On January 12, 2012, Settlement Officer Carl McAdams, IRS Office of Appeals (Appeals), mailed petitioner a letter informing him that Appeals had received his request for a collection due process (CDP) hearing. Settlement Officer McAdams scheduled a telephone conference for February 2, 2012. The letter informed petitioner that he could request a face-to-face hearing within 14 days from the date of the letter (i.e., by January 26, 2012).

In the letter, Settlement Officer McAdams stated that he could consider collection alternatives, such as an installment agreement or an OIC, only if petitioner provided: (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, including all required attachments, i.e., earnings statements, bills or statements for monthly recurring expenses for three months before the date of the Form 433-A and statements for checking and savings accounts; (2) proof of estimated tax payments for 2011; and (3) signed Federal income tax returns for 2007, 2008, 2009, and 2010 (which had not been filed). Settlement Officer McAdams instructed petitioner to submit a

[*4] completed Form 433-A and the listed items within 14 days (i.e., by January 26, 2012) and informed petitioner that he could not consider collection alternatives without this information.

On January 23, 2012, petitioner's representative, Douglas R. Eisenberg, faxed Settlement Officer McAdams a letter requesting a face-to-face conference. At the time of this request petitioner had not submitted the Form 433-A or the information Settlement Officer McAdams had requested. Petitioner failed to provide the requested information by the January 26, 2012, deadline. Respondent denied petitioner's request for a face-to-face hearing.

On February 2, 2012, Settlement Officer McAdams contacted Mr. Eisenberg at the scheduled time for the telephone CDP hearing. Settlement Officer McAdams informed Mr. Eisenberg that he could not consider petitioner's request for a CDP hearing for taxable years 1993, 1994, 1995, 1996, 2000, 2001, and 2002 because petitioner had not submitted a timely request as to those years. Settlement Officer McAdams informed Mr. Eisenberg that petitioner's CDP hearing requests for 2005 and 2006 were timely.

Settlement Officer McAdams informed Mr. Eisenberg that he had not received the documents requested in his letter dated January 12, 2012. Mr. Eisenberg stated that he had mailed the tax returns for 2007 through 2010 and a

[*5] Form 433-A to Settlement Officer McAdams on February 1, 2012. Settlement Officer McAdams informed Mr. Eisenberg that if the Form 433-A was not received or was incomplete, he would make a determination based on the administrative file.

On February 3, 2012, Settlement Officer McAdams received a letter from Mr. Eisenberg enclosing a Form 433-A, tax returns for 2007, 2008, 2009, and 2010, a credit card statement for one month, a utility bill for one month, and a Writ of Wage Execution.[2] The letter stated that the only outstanding item was the proof of estimated tax payments for 2011, which needed to be discussed.

On March 15, 2012, respondent mailed petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 sustaining the proposed levy. Settlement Officer McAdams determined that petitioner had submitted an incomplete Form 433-A and had failed to provide proof of his 2011 estimated tax payments.

---

[2] The Writ of Wage Execution, entered April 6, 2011, from the Superior Court of New Jersey, was in favor of a judgment creditor for $45,442.03. Each month $500 was garnished from petitioner's wages.

**[*6]**                                          OPINION

I.  Applicable Law

Section 6330(a) provides that the Secretary shall furnish a taxpayer with written notice of his right to a hearing before any property is levied upon.  Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period.  Sec. 6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection.  Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

Petitioner does not dispute the underlying tax liabilities for 2005 and 2006, which are at issue, nor those for 1993, 1994, 1995, 1996, 2000, 2001, and 2002, which are not.[3]  Where, as here, a taxpayer's underlying tax liability is not in

---

[3] The Court lacks jurisdiction over the taxable years 1993, 1994, 1995, 1996, 2000, 2001, and 2002 because petitioner failed to timely request a CDP hearing with respect to those years.  As discussed above, a taxpayer must request a CDP hearing within 30 days of receiving the notice of intent to levy.  Sec. 6330(a) and (b).  Once the Secretary issues a notice of intent to levy and notice of right to a sec. 6330 hearing, a subsequent notice, more than 30 days later, that the IRS

(continued...)

**[\*7]** dispute, the Court reviews Appeals' determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

To establish abuse of discretion, the taxpayer must show that the decision complained of is arbitrary, capricious, or without sound basis in fact or law. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007) (citing Sego v. Commissioner, 114 T.C. at 610, and Woodral v. Commissioner, 112 T.C. 19, 23 (1999)); see Schwartz v. Commissioner, 348 Fed. Appx. 806, 808 (3d Cir. 2009), aff'g T.C. Memo. 2008-117; Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). In reviewing for abuse of discretion, we generally consider only the arguments, issues, and other matters that were raised at the CDP hearing or otherwise brought to the attention of Appeals. Giamelli v. Commissioner, 129 T.C. at 115; Magana v Commissioner, 118 T.C. 488, 493 (2002); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. But see Hoyle v. Commissioner, 131 T.C. 197 (2008).

---

[3](...continued)
intends to levy on property of the taxpayer for the same tax and tax period as in the initial notice does not entitle the taxpayer to a sec. 6330 hearing. Sec. 301.6330-1(b)(2), Q&A-B2, Proced. & Admin. Regs. Thus, petitioner needed to request a CDP hearing within 30 days of the notice dated June 13, 2007, not the subsequent notice dated January 3, 2011.

**[*8]** II.  The Parties' Arguments

Petitioner argues that Settlement Officer McAdams abused his discretion by refusing to consider his request for an installment agreement.  Petitioner further argues that Settlement Officer McAdams "failed to seek answers to unresolved questions in order to make the efficient collection of taxes no more intrusive than necessary, neglected and ignored significant relevant factors petitioner provided him, gave weight to irrelevant factors, and relied on improper facts that were contrary to the evidence petitioner presented to him".

A.  Installment Agreement

Petitioner argues that Settlement Officer McAdams denied his request for an installment agreement because Settlement Officer McAdams incorrectly determined that he was a member of his son's limited liability company, and therefore should have reported self-employment income or Schedule K-1 income on the Form 433-A.  Respondent argues that Settlement Officer McAdams could not evaluate whether petitioner was entitled to an installment agreement because petitioner failed to submit the documentation that Settlement Officer McAdams had requested.  Respondent further argues that whether petitioner was a member of his son's limited liability company did not affect Settlement Officer McAdams' determination.  We agree with respondent.

**[\*9]**  Form 433-A requires taxpayers to include documentation to support their claimed income and expenses. See Rev. Proc. 2003-71, sec. 4.03, 2003-2 C.B. 517, 518 (stating that the "offer should include all information necessary to verify the grounds for compromise"). The supporting documentation includes copies of earnings statements, checking account statements, and bills or statements for monthly recurring expenses. See Form 433-A (2008). Taxpayers are required to provide copies of the above items for the three months before the date that the Form 433-A is submitted. Id.

Petitioner failed to attach the required documentation to his Form 433-A. He failed to attach copies of his bank account statements and loan statements for the three preceding months. Petitioner submitted a bank statement for his checking account for only one month, which shows no activity. Petitioner did not submit statements of his wife's bank account, into which his wages were deposited. His Form 433-A shows no self-employment income, only wages. However, his Forms 1040 for 2007 through 2010 show that he earned most of his income from self-employment. Petitioner also failed to submit proof of his 2011 estimated tax payments and failed to explain his income accurately.

Therefore, it was not an abuse of discretion for Settlement Officer McAdams to deny petitioner an installment agreement and to sustain the proposed

**[*10]** collection action on the basis of petitioner's failure to submit the requested financial information. Olsen v. United States, 414 F.3d 144, 154 (1st Cir. 2005) (holding that the Commissioner did not abuse his discretion where the taxpayer submitted some, but not all, of the requested information to Appeals); Cavazos v. Commissioner, T.C. Memo. 2008-257 (holding that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information).

B. Followup Meeting

Petitioner argues that Settlement Officer McAdams abused his discretion when he did not contact petitioner or Mr. Eisenberg after he reviewed the Form 433-A and supporting documentation, to discuss petitioner's Form 433-A and the supporting documents submitted. However, no statutory or regulatory provision requires that taxpayers be afforded an unlimited opportunity to supplement the administrative record. Maselli v. Commissioner, T.C. Memo. 2010-19 (citing Roman v. Commissioner, T.C. Memo. 2004-20). Section 6330 requires only that a taxpayer be given a reasonable chance to be heard before the issuance of a notice of determination. Id.

**[\*11]** Settlement Officer McAdams reviewed the untimely Form 433-A and supporting documentation petitioner submitted. There is no requirement that Settlement Officer McAdams allow petitioner to provide supplemental documents. See id. Further, Settlement Officer McAdams is not required to provide any followup meeting with petitioner. See id.

Settlement Officer McAdams afforded petitioner an opportunity to be heard at the CDP hearing before the issuance of the notice of determination. Accordingly, Settlement Officer McAdams did not abuse his discretion when he did not contact petitioner or Mr. Eisenberg for a followup meeting.

C. Face-to-Face Hearing

Petitioner argues that Settlement Officer McAdams abused his discretion in denying his request for a face-to-face CDP hearing before making a determination. This Court has held that a face-to-face hearing is not required under section 6330. Katz v. Commissioner, 115 T.C. 329 (2000); Williamson v. Commissioner, T.C. Memo. 2009-188; Stockton v. Commissioner, T.C. Memo. 2009-186; Leineweber v. Commissioner, T.C. Memo. 2004-17. We have also held that an Appeals officer's denial of a face-to-face hearing does not constitute an abuse of discretion when a taxpayer refuses to provide requested financial

[*12] information.  See Moline v. Commissioner, T.C. Memo. 2009-110, aff'd, 363 Fed. Appx. 675 (10th Cir. 2010); Summers v. Commissioner, T.C. Memo. 2006-219.

Petitioner failed to submit his Form 433-A and the supporting documentation that Settlement Officer McAdams had requested within 14 days of the date of Settlement Officer McAdams' request and before the time of the hearing.  Accordingly, Settlement Officer McAdams did not abuse his discretion in determining petitioner was not entitled to a face-to-face hearing.

III.  Conclusion

Petitioner has not shown that Appeals' determination to sustain the proposed levy action was arbitrary, capricious, or without sound basis in fact or law.  Accordingly, we hold that respondent did not abuse his discretion in sustaining the proposed levy action.  Respondent's determination to proceed with collection is sustained.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.